Gamut v. Gregg.

37  573<br>Case 1<br>134  608

## GAMUT v. GREGG.

**Title bond:** FORECLOSURE OF. In an action on a title bond for real estate to recover a balance of purchase-money remaining unpaid, it is error for the court to declare the bond forfeited, and the land discharged from the same. In such case judgment should be rendered for the amount due, the bond should be foreclosed as a mortgage, and the property ordered to be sold to satisfy the judgment.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 11.

THE petition claims of the defendant a balance alleged to be due upon the purchase price of lot No. 2 in section 27, township 80. Attached to the petition is the copy of a bond for a deed for said lot, executed by plaintiff to defendant. The petition prays that a decree be entered foreclosing all right, title and interest of defendant to said bond and the premises described, that the bond be declared void, and that a special execution issue against said premises, and that all interest of defendant therein be sold.

Upon the trial the court entered a decree barring foreclosure and holding for naught the said bond as fully as if it had never been executed, and adjudging that the title to the bond be declared forfeited by defendant to plaintiff, and that the land be discharged from all liens and incumbrances arising from the execution thereof. Thereupon the defendant filed his motion for the correction of said judgment so as to allow plaintiff a ˙udgment for ·the balance due him, with a foreclosure of defendant's interest in the land named and an award of a special execution against the same. The court overruled this motion. The defendant excepted and appeals.

*J. R. Zuver* for the appellal

*John V. Evans* for the appellee.

DAY, J. — The vendor of real estate, when part or all the purchase-money remains unpaid after the day fixed for payment, may file his petition asking the court to require the purchaser to perform his contract or to foreclose and sell his interest in the property. In such cases the vendee, for the purposes of foreclosure, is to be treated as a mortgagor of the property purchased, and his rights are to be foreclosed in a similar manner. Revision of 1860, §§ 3761 and 3762.

Upon the foreclosure of a mortgage of real estate, if any thing be found due the plaintiff, the court shall render judgment therefor, and must direct the mortgaged property, or so much thereof as is necessary, to be sold. Revision of 1860, § 3661.

The statute provides the only mode of subjecting mortgaged property to the payment of the debt which it secures. What is known as a strict foreclosure has no place in our system of procedure.

The court erred, therefore, in forfeiting to plaintiff the interest of defendant in the land mentioned.

The decree should have been for a foreclosure and sale of the defendant's interest therein.

Reversed.