BRADLEY v. TYSON.

# Charles T. Bradley v. Mark S. Tyson and others.

*Trustees: Mortgages: Foreclosure: Purchase: Beneficiaries.* A trustee in whose name a mortgage was taken to secure the payment of separate claims of several creditors of the mortgagor is held not to have authority to bind objecting creditors by a purchase on the foreclosure of the entire property for the joint benefit of all; neither could a majority of the creditors coerce the others into any arrangement for buying the lands at the foreclosure sale.

*Trustee: Good faith: Practice: Re-sale.* The trustee having in good faith made the purchase, not on his own behalf, but in pursuance of what he seems to have deemed to be his duty to his *cestuis que trust*, a conditional order is granted for a re-sale at the option of those creditors objecting to the purchase as one made on their behalf.

*Heard January 18 and 19.   Decided January 21.*

Appeal in Chancery from Manistee Circuit.

This was a foreclosure bill.   The mortgage was given by the members of the firm of Tyson, Sweet & Co., to complainant, as trustee, to secure the payment of several creditors of said firm.   Decree *pro confesso* was rendered.   The sale was made in two parcels, and the property struck off and deeds made to complainant as trustee, one parcel at $70,000 and the other at $90,000.   One Ramsdell was the only competing bidder, and his highest bids were $65,000 on the first parcel and $85,000 on the other.   On the coming in of the report of sale the sale was confirmed, against the objection of some of the creditors, as one made to complainant as trustee on behalf of all the creditors.   From this order the objecting creditors appealed.

*Dovel & Morris* and *Finches, Lynde & Miller*, for complainant.

*Ramsdell & Benedict* and *Mariner, Smith & Ordway*, for defendants.

33 MICH.—43.

COOLEY, CH. J:

The importance to the parties of an early decision of this case, in view of the conclusions at which we have arrived, induces us to dispose of it now, instead of taking time for any elaborate discussion of the positions which were taken by the respective counsel on the hearing.

We are entirely satisfied that the trust mortgage did not contemplate an authority in Bradley to buy in the mortgaged property for the *cestuis que trust,* and to hold the same to be managed and disposed of by himself as their trustee. The possibility that it might become necessary for some person or persons to bid in the property to prevent sacrifices, we may fairly suppose the parties did contemplate, but the contingency was one for each creditor to make provision for as his own interest might seem to dictate, and not for the trustee to look out for. The creditors entered into no joint arrangements whatever beyond selecting a person who, without having possession or control of their claims, was to take, hold, and if need be enforce, a security for the protection of all severally. Undoubtedly the arrangement empowered him to take legal proceedings for foreclosure, but there, we think, his authority terminated. It was for the creditors to see that the property was not sacrificed, and not for him.

We are also satisfied that a majority of the creditors could not coerce the others into any arrangement for buying the lands at the foreclosure sale. None of them, in consenting to the security, has surrendered any right of individual action, and each is at liberty to consult his individual interest. It might well happen that the interests would not be the same. A man with an endorsed note might peril his security by an arrangement which would be perfectly safe to the others. We do not examine any questions affecting single parties, because we are clear that neither a majority of the *cestuis que*

*trust* nor the trustee was intended to be clothed with the power which has been attempted to be exercised.

It follows from these views that the order of confirmation was incorrect, so far as it undertakes to bind non-assenting parties to a participation in the trustee's purchase. The question then recurs, what relief shall be given?

We think it would be unjust to the trustee that he should be compelled to take the land and account to the appellants for their proportion of his bid. We see no reason to doubt the good faith of the trustee's action in making the purchase. But he did not buy for himself, and if he has erred in supposing that it was competent for him to bid for all the parties secured, he ought not to be made to suffer for the error. Justice would require that if the appellants insist upon their objections, the sale should be opened.

. With these views we are disposed to make a conditional order. If the appellants, with the decision that they cannot compel the trustee to take the land, shall see fit to file their assent to the purchase made by the trustee as one on behalf of all, they will be at liberty to do so within twenty days from this day, and on filing such assent and serving notice thereof on complainant's solicitor, an order may be entered that the sale as made to Bradley as trustee do stand confirmed. If they shall fail to file such assent, the trustee shall be at liberty, within twenty days after the expiration of said twenty days, to elect either to take the land for the other creditors, paying to the appellants their proportionate share, or to have the sale opened; and in such case, on serving notice of the election, an order shall be entered accordingly, giving the trustee sixty days thereafter to make payment, with interest from the day of election. But the share to which the appellants should then be entitled should be their proportion of the Ramsdell bid, which they insisted the trustee should accept, and not of the bid made by him. If neither party shall file an election within the time provided, the sale shall stand set aside, and the trustee should proceed to make sale anew.

The appellants will recover costs of this court, and the case will be remitted for proceedings in accordance with these views.

The other Justices concurred.