SANXEY, TRUSTEE, v. THE IOWA CITY GLASS CO. ET AL.

1. **Practice:** OBJECTION TO STANDING OF INTERVENOR: MADE TOO LATE ON APPEAL. Where a party, by leave of the court, filed a petition of intervention in a cause, and the issues raised thereby were tried and determined without objection in the trial court, it is too late, on appeal to this court, to object to the standing of the intervenor in the case, on account of his failure to serve notice of his intervention on one of the parties to the suit.

2. **Mortgage to Trustee for Bond-holders:** FORECLOSURE: ORDER OF COURT TO BID IN PROPERTY FOR WHOLE DEBT: FACTS NOT WARRANTING. Where plaintiff was the mortgagee in trust for the intervenor and thirteen other bond-holders, but the others had guaranteed to the intervenor the payment in full of his bonds, *held* that the court had no authority, against intervenor's objection, to direct the trustee to bid in the property on foreclosure for the full amount of the bonds secured, because thereby intervenor would be deprived of the benefit of his guaranty, and, instead thereof, would be invested with only his *pro rata* share of the property, however much it might fall short in value of the amount bid therefor.

*Appeal from Johnson District Court.*

TUESDAY, DECEMBER 4, 1883.

THIS is an action in equity, by which the plaintiff sought to foreclose a trust deed upon certain real estate, made by the Iowa City Glass Company to the plaintiff, as trustee, to secure the payment of the principal and interest of fifteen thousand dollars of bonds issued by said glass company. The names of the owners of the bonds, some fourteen in number, together with the amounts of the bonds held by them, were exhibited with the petition, and it was asked that judgment be rendered against the glass company, and in favor of the respective owners of the bonds, for the amounts due to them, and that a special execution issue, and the property be sold to satisfy said judgments, and, in case the proceeds of the sale should be insufficient for that purpose, that the same be applied *pro rata* on the amount due each bond-holder.

On the 27th day of May, 1882, D. F. Sawyer, one of the

bond-holders named in the exhibit to the petition, and the owner of $2,500 of the bonds, by leave of the court intervened in the action. By his petition of intervention, it appears that certain others of the bond-holders had guaranteed the collection of the bonds held by him. He claimed in the petition that the amount secured by his bonds was a prior lien on the property. He charged in the petition that the trust property was less in value than the amount due on the bonds, and that, by the foreclosure upon plaintiff's petition, it was designed by the guarantors of the collection of his bonds to have the property bid in at the sale on special execution for the full amount of all the bonds and interest thereon, and thus deprive him of the benefit of his guarantee.

On the 31st day of May, 1882, the plaintiff amended his petition by setting forth, among other things, that, if the property should be sold for cash at an ordinary sheriff's sale, the same would be at a great sacrifice, and it was prayed that an order be made that the property be bid in at the sale for the benefit of all the bond-holders. On the 2nd day of June, 1882, the intervenor filed his written objections to the relief demanded in the amended petition, the ground thereof being that the court had no power to grant the relief therein prayed. The cause was tried by the court, and judgments were rendered against the glass company in favor of all the bond-holders for the amounts severally due to them, and a decree of foreclosure was entered, by which it was ordered that, in the absence of other adequate bidders at the execution sale, the said plaintiff, as trustee, should bid in the said property at its reasonable market value, for the benefit of all the bond-holders, and the petition of intervention of said Sawyer was dismissed. The intervenor, Sawyer, appeals.

*S. H. Fairall* and *Joe A. Edwards*, for appellant.

*Milton Remley* and *Boal & Jackson*, for appellee.

ROTHROCK, J.—I. J. E. Switzer, a bondholder, also inter-

vened in the action, but, as he has not appealed from the decree, we need make no statement of the case so far as his rights are involved.

Some question is made by counsel for appellees as to the right of appellant to be heard in this court, because no service of notice of his petition was had upon the Glass Company. It appears, however, that the petition of intervention wás filed by leave of the court before defendant was defaulted, and the intervenor filed his objections to the relief prayed for in the amended petition, and there was a trial, at which evidence was introduced as to the cost of the real estate, buildings and machinery, and that the same were in a good state of preservation.

**1. PRACTICE: objection to standing of intervenor: made too late on appeal.**

The contest on the trial was between the intervenor and the trustee, upon an issue in which the power of the court to render such a decree as the trustee demanded was the question to be determined. The intervenor's standing in the court below was not questioned, and it cannot be questioned in this court.

II. Did the court have the power or authority to direct the trustee to bid in the property at what he deemed its reasonable market value, against the objection of the intervenor? The trust deed conferred authority upon the trustee to foreclose the same. It did not authorize him to purchase the property for the benefit of all the bondholders. We have, then, this case: The bonds are held by fourteen persons. Some of these persons guaranteed the collection of the bonds held by the intervenor. If the property should be bid in at the foreclosure sale under this decree for the full amount of the bonded indebtedness, that would extinguish any liability of the guarantors to the intervenor, no matter how much he might lose upon the property purchased for him by the trustee. No one of the bondholders is entitled to any priority over another. They are all to be paid *pro rata* from

**2. MORTGAGE to trustee for bondholders: foreclosure: order of court to bid in property for whole debt: facts not warranting.**

the proceeds of the sale. If the property should be bid in for the full amount due all of the bondholders, their judgments would be satisfied. We think it is very clear that the court had no authority to make a decree which might in any event impair the security which the intervenor held for the payment of the money due to him. Suppose A. owes B., and the debt is secured by a deed of trust running to C., could a court properly decree on foreclosure that C. might bid in the property for B., and fix the price at which B. should take it, when B. did not want the property? We know of no rule of law, and surely there is no equitable principle, by which a creditor is bound to take property in satisfaction of his debt, and at a price to be fixed by another, unless he has contracted so to do. And the case is not different because thirteen other persons hold liens upon the same property, and in the same right.

We have examined the cases of foreclosure of railroad trust deeds, cited by counsel for the parties, and have endeavored to find others bearing upon the question, and we find nothing anywhere which will in principle support this decree. Of course, where a trust deed provides that the trustee on foreclosure may bid in the trust property for the benefit of the bond holders, or where a minority of bond holders acquiesce by their silence in an order of this kind, being represented by the trustee, and afterwards seek to review the decree, there are equitable grounds upon which it may be upheld. But in this case the bond-holder resists and objects to the decree. He has lost nothing by failing to appear and question the claim made by his trustee, that he shall bid in the property at the sale; and, in view of the probable impairment of his security, we think the decree of the district court cannot be sustained.

REVERSED.