| 102 | 119 |
| a110 | 484 |
| 102 | 119 |
| 114 | 647 |
| 102 | 119 |
| e115 | 681 |
| 102 | 119 |
| 117 | 567 |
| 102 | 119 |
| 121 | 709 |
| 102 | 119 |
| 131 | 60 |

KELLEY, MAUS & COMPANY, Appellants, v. J. H. ANDREWS, Defendant, MARY E. ANDREWS, Garnishee.

**Husband and Wife:** PRIVILEGED COMMUNICATIONS. The rule that statements made in the hearing of others by a husband or wife as to conversations between them are admissible does not apply to testimony of a spouse given on a former trial, though in the presence and without the objection of the other.

**WAIVER:** *Failure to object.* The right of a wife to object to her husband testifying as to communications between them (Code, section 3642) in an action against her, is not waived by failure to object to his testifying as a witness for the adverse party on a former trial of the action, if objection is made when it is attempted to use such testimony on a second trial.

**Agency of Husband.** The fact that a husband was agent for his wife in respect to the transactions sought to be inquired about does not make him competent to testify against her as to his relation to her as such agent; Code, section 3642, providing that neither spouse can be examined as to any communication between them.

**SAME.** Agency of a husband for his wife in executing a mortgage to her to secure a loan is not shown, so as to charge her with his fraudulent intent in so doing, merely by her testimony that she always expected him to secure her, and intended to be secured.

**Mortgage:** DESCRIPTION. A mortgage of "all notes and books of account and the claims represented thereby," sufficiently describes the property mortgaged, as between the parties.

**CURE BY DELIVERY.** A defective description of personality in a mortgage is cured by subsequent delivery of the personality to the mortgagee, as against the creditors of the mortgagor who had no right or interest in the property at the time of the delivery.

**Issue on Garnishment:** RECALLING GARNISHEE. Plaintiff's motion for leave to further examine the garnishee, made on a jury trial of issues joined on the garnishee's examination, is properly denied, since new issues might be opened, and the examination of the garnishee is not a matter for the jury.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 12, 1897.

PLAINTIFF, a judgment creditor of the defendant, caused notice of garnishment to be served upon Mary E. Andrews, as a supposed debtor of the defendant. The garnishee answered, and issues were joined on her answer. The case was transferred to, and tried as in equity, and, on appeal, reversed. See 94 Iowa, 484 (62 N. W. Rep. 853). The case was re-tried to a jury, and a verdict and judgment rendered in favor of the garnishee. Plaintiff appeals.—*Affirmed.*

*J. M. Goodson* and *Whitaker & Dale* for appellants.

*Jordan & Brockett* for appellees.

GIVEN, J.—I. It is not necessary that we set out the pleadings or proofs. The following statement of facts will be sufficient for the purpose of the questions to be considered: Defendant, J. H. Andrews, was for a number of years engaged in the retail hardware business in Boone, Iowa. He became indebted to his wife, this garnishee, for borrowed money, and executed to her a chattel mortgage upon his stock of hardware, notes, books of account, and other property described, to secure the same, and also conveyed to her certain real estate. Mrs. Andrews took possession of the property described in the mortgage, by virtue thereof, and afterwards sold it at public sale, and bid it in at ten thousand dollars. Plaintiff contends that these conveyances and transactions were to hinder, delay, and defraud the creditors of the defendant, and that the garnishee should be held to be indebted to the defendant to the value of the property so received by her, and to pay to the plaintiff the amount of its judgment against the defendant.

II. Plaintiff first introduced in evidence the answer of the garnishee, and then "asked leave to recall Mary E. Andrews for further examination as

garnishee." This the court refused to permit, for the sufficient reason that the issues had been joined, and to permit a further examination of Mrs. Andrews, as garnishee, might open up new issues, and for the further reason that the examination of a garnishee is not a matter for a jury.

III. On the former trial, J. H. Andrews was examined as a witness on behalf of the plaintiff, Mrs. Andrews being present, and not objecting; and his testimony was taken down by the reporter. On this trial, plaintiff called Mr. Andrews as a witness, whereupon Mrs. Andrews objected to his examination, upon the ground "that he is the husband of garnishee, and is incompetent, under the statute, to testify in this proceeding." Counsel for plaintiff stated that the purpose of calling Mr. Andrews was to ascertain matters relating solely to his relation, as agent for his wife, in these transactions. The objection was sustained, and thereupon the plaintiff offered to read in evidence the testimony of Mr. Andrews taken on the former trial. To this the same objection was made, and the further one that the witness was present in court. These objections were sustained, and thereafter plaintiff called persons who were present at the former trial, and sought to prove by them statements made by Mr. Andrews in his examination on that trial, and to this like objections were sustained. These rulings were correct. "Neither husband nor wife can be examined in any case as to any communication made by the one to the other while married." Code, section 3642. The examination sought to be made was as to these transactions between Mr. and Mrs. Andrews, and was clearly within the prohibition of said section. This being true, the transcript of the evidence was incompetent. While it is true that statements made by husband or wife as to communications

between them, in the hearing of others, are admissible under some circumstances, they are certainly not when the statement is made in giving testimony. Silence under such circumstances should not be construed as assent. That Mr. Andrews acted as agent for his wife as to all or a part of these transactions does not limit the application of the statute. Plaintiff cites *McKinney v. Railroad Co.*, 104 N. Y. 352 (10 N. E. Rep. 544), holding, in effect, that a party who waived his right to object to evidence privileged by statute could not object to the same evidence on a second trial. In that case, the party having the right to object introduced the privileged evidence. In this case it was by the other party.

IV. At the close of the evidence, plaintiff moved for a judgment against the garnishee on her answer and the evidence, and assigns the overruling of said motion as error. The mortgage to garnishee describes, among other things, "also all notes and books of account and the claims represented thereby." The evidence shows that there came into the hands of garnishee notes and accounts largely in excess of the amount of plaintiff's judgment. The grounds of the motion are that these notes and accounts were not sufficiently described in the mortgage to entitle garnishee to them, under it; that the indebtedness to her was fully paid; and that said notes and accounts were not included in the sale to her under the mortgage. Concede that the description of the notes and books of account is not sufficient as to third persons without notice; it was sufficient as between the parties to the mortgage. It appears that, prior to the service of the notice of garnishment, garnishee had taken possession of the mortgaged property, including these notes and books of account, and had caused said property to be sold, and had bid the same in. "A defective description

may be cured by a subsequent delivery of the property to the mortgagee, as against persons who have not acquired any right or interest before such delivery." Jones, Chat. Mortg. section 60. Plaintiff had not acquired any right or interest in these notes and accounts at the time they were delivered to the mortgagee, and, by the delivery, it had notice as to what particular notes and books of account were covered by the mortgage. We do not think the evidence sustains the claim that the indebtedness to garnishee was fully paid, aside from these notes and accounts, nor that they were not included in the public sale of the mortgaged property. There was no error in overruling the motion.

V. Plaintiff contends that the verdict is contrary to the evidence, in that it finds that the mortgage is valid, and that the garnishee is not indebted to the defendant. It is urged that the mortgage was for an amount greatly in excess of the indebtedness to garnishee; that it was given to hinder, delay, and defraud creditors, and with the agreement that it should be kept secret, and withheld from record, and in fraud of creditors; also, that the sale of the mortgaged property was irregular and void. We will not discuss the evidence bearing upon these several propositions. It is sufficient to say that we think the verdict as to each has such support as that we should not disturb it.

VI. Appellant asked three instructions, in effect as follows, which were refused, and the refusal is assigned as error: The first is that the relationship between Mr. and Mrs. Andrews should be considered in determining whether the transactions in question between them were in good faith, and that, if in good faith, the relationship would not render them less binding; the second, that fraud may be found from circumstances; and the third, "that, if J. H. Andrews acted as agent of garnishee in the

making and execution of the mortgage, then his acts were her acts, and, if he fraudulently made such mortgage, then she would be chargeable with his intent to defraud his creditors." This, it is said, is based upon the evidence of garnishee that she "always expected him to secure her," and that she "intended to be secured." Such an expectation and intention do not show an agency on the part of Mr. Andrews in executing the mortgage, and therefore the third instruction asked was properly refused. The subject-matters of the first and second were fully embraced in those given, and therefore there was no error in refusing to give them.

Appellant complains of the sixth instruction given, because it "utterly ignored the irregularity of the sale." There was no evidence of such irregularity in the sale as to call for an instruction on that subject. In the seventh instruction the jury was told that, in determining the question of fraud, they should, with other matters mentioned, consider "the manner in which the foreclosure was made and the sale thereunder conducted." This was sufficient on this subject.

These conclusions fully answer other complaints against the instructions given. We find no error in the record before us, and the judgment is therefore AFFIRMED.