Seth S. Silver, Plaintiff, v. Wickfield Farms, Incorporated, et al., Appellants; Baker Ice Machine Company, Intervener, Appellee.

No. 39638.

October 15, 1929.

Rehearing Denied February 14, 1930.

*H. C. & H. C. Taylor, McBeth & Stong,* and *Sloan & Sloan,* for W. L. Eyman, Receiver, appellant.

*Hollingsworth & Hollingsworth* and *A. L. Heminger,* for Seth S. Silver, appellant.

*J. C. Calhoun,* for F. F. Silver, appellant.

*Brome & Ramsey* and *G. R. Buckles,* for Baker Ice Machine Co., intervener, appellee.

DE GRAFF, J.—The Wickfield Farms, Incorporated (defendant), prior to the transactions involved herein, was a corporation engaged in the business of raising, buying, and selling live stock, and processing meats. It was the legal title holder of nearly 600 acres of land, situated in Van Buren County, Iowa. The Baker Ice Machine Company, intervener-appellee, is a corporation with its principal place of business at Omaha, Nebraska, and is engaged in the manufacture of machinery and ice plants intended to be used by persons engaged in preparing and processing meats for market.

On July 11, 1925, a written contract was entered into between the above-named parties, whereby the Ice Machine Company agreed to sell, deliver, and install, in conformity to certain specifications, for the Wickfield Farms, Incorporated, at Cantril, Iowa, an ice plant, for and in consideration of the sum of $7,381, which the purchaser agreed to pay. The Ice Machine Company shipped the machinery and installed it as per contract, but the purchaser did not pay in cash, but did execute a chattel mortgage on certain live stock owned by the Wickfield Farms, Incorporated, and located on its said farm. There was also executed and delivered to the Ice Machine Company on November 19, 1925, as security for the payment of the consideration recited in the contract of purchase, a real estate mortgage on a certain lot and buildings thereon owned by the Wickfield Farms, Incorporated. Two notes aggregating the purchase price were executed on the same date in the sum of $3,690.50 each, and

these notes were secured by the two mortgages to which reference has heretofore been made.

It further appears that, on June 4, 1925, the Wickfield Farms, Incorporated, executed a trust deed on its real estate (not including the land subsequently mortgaged to the Ice Machine Company) to C. J. Artz, trustee, to secure an issue of bonds which were signed by said corporation and were to be issued in the total sum of $125,000, if necessary. Said bonds were placed in the hands of the trustee for negotiation. It also appears that, subsequent to the execution of the contract for the purchase of the refrigerating plant by the Wickfield Farms, Incorporated, there was delivered to the Baker Ice Machine Company, vendor, $8,000 par value of bonds, issued pursuant to the trust deed aforesaid; but the bonds were received and accepted by the Ice Machine Company as collateral security on the contract heretofore mentioned.

As a result of these contractual relations between the Wickfield Farms, Incorporated, and the Baker Ice Machine Company, and by reason of the failure on the part of the corporation to meet its obligation to pay for the refrigerating plant, two actions were commenced by the Ice Machine Company, (1) to foreclose the chattel mortgage, and (2) to foreclose the real estate mortgage. It will be observed that both of these mortgages were given to secure the same debt, and that the parties to each mortgage were the same. During the pendency of these actions, a petition was filed for the appointment of a receiver for the Wickfield Farms, Incorporated, and a receiver, W. L. Eyman, was appointed, and duly qualified as such. The receiver took charge of the property of the corporation, for the purpose of liquidation for the benefit of creditors thereof. In this action the Baker Ice Machine Company intervened, and in the two actions commenced by the Ice Machine Company, the Wickfield Farms, Incorporated, intervened. Upon the agreement of all the parties, these three causes were consolidated, for the purpose of trial. No other question involved in the receivership was at issue, except to determine the rights of the parties in the three actions consolidated, in which a judgment and decree was entered. It is from this decree that the instant appeal is taken.

I. It is the contention of the receiver-appellant that the Baker Ice Machine Company, as a holder of the bonds delivered

to it as collateral security, is within the meaning of the terms and provisions of the bonds and trust deed securing the same, and that the trustee in the foreclosure of the trust deed represented all of the holders of said bonds, and that, in the action to foreclose said trust deed, and in taking judgment against the Wickfield Farms, Incorporated, and in the selling of the property at sheriff's sale, and in the bidding for the same by the trustee, there was a satisfaction of the judgment to the extent of the amount bid at sheriff's sale, which was done by exchange of receipts between trustee and the sheriff, and resultantly, the indebtedness owed by the Wickfield Farms, Incorporated, was satisfied to the extent of the amount which was substantially the amount of the outstanding bonds. The claim, according to the appellant's viewpoint and proposition, is that the Baker Ice Machine Company is barred from further proceedings in its foreclosure actions against the Wickfield Farms, Incorporated, except for the deficiency judgment. It may be conceded that the record in the foreclosure proceeding involving the trust deed stands as a verity, and is final, and cannot be collaterally attacked. The sheriff's return on the execution showed the purchase of the property for $54,742, and the credit given of said amount on the judgment rendered in the said foreclosure proceedings is final, and has the same legal effect, so far as this action is concerned, as though a payment had been made in cash, to be distributed among the bondholders. The trustee had the right, and in this instance that right was granted to the trustee by the decree, "to bid upon said property such an amount as he may deem just and fair to properly protect the interests of the bondholders." In this connection it may be said that, where such power is not expressly given, it may very well be implied. It is the duty of the trustee to bid in the property at foreclosure sale, if necessary to protect the interests of the bondholders. 3 Fletcher's Cyclopedia of Corporations, Section 1437; *Nay Aug Lbr. Co. v. Scranton Tr. Co.*, 240 Pa. St. 500 (87 Atl. 843). It may be conceded further that a foreclosure proceeding is an exclusively statutory remedy, and is the creature of legislative enactment, and the statute authorizing the same must be strictly followed. A strict foreclosure has been abrogated in this state. *Gamut v. Gregg*, 37 Iowa 573. It is therein said: "What is known as a strict foreclosure has

no place in our system of procedure." We see little reason to quarrel concerning the definition of "a holder," and the fact that the vendor in this case is, and was recognized from the beginning as, a collateral holder is not an important consideration. It is not of the essence of this case. The fact may be recognized that, although a bond is taken as collateral security for an existing debt, that does not "make the holder any less a bona-fide holder for value than if he was a purchaser for cash." *Hoskins v. Seaside Ice Mfg. & C. S. Co.*, 68 N. J. Eq. 476 (59 Atl. 645).

Under this record, the Baker Ice Machine Company had the right to elect what remedy it should pursue. It did adopt a remedy, which was its right, to foreclose a chattel mortgage and a real estate mortgage given to secure the indebtedness owed to it by the Wickfield Farms, Incorporated. The appellee in no way elected to declare upon the bonds held by it as collateral, and in no way attempted to subject same to the payment of its debt. Appellee makes no claim to, or right in, the bonds held as collateral, but in fact has abandoned all rights thereto and therein. The appellee's election in the manner it did elect would have but one effect, and that is to enlarge the opportunity of the appellant-receiver to grant a larger distribution to the other bondholders of the proceeds of the sale of the farm lands described in the trust deed, which the trustee must eventually sell, to secure cash for distribution among the bondholders. The Ice Machine Company is not claiming anything by reason of the foreclosure of the trust deed. The Ice Machine Company has chosen its own remedy, and having done so, it is entitled to pursue the remedy it has selected. It cannot be questioned that the holder of a negotiable promissory note secured by mortgage is entitled, upon default, to proceed with the foreclosure of 'the property included in that mortgage. Upon such foreclosure and sale, it may not be said that such a proceeding changes the relations of the parties to the contract, but it does result simply in the substitution of the land in place of the notes and mortgage, subject to the statutory right of redemption. The sale of the Wickfield Farms did divest the Wickfield Farms, Incorporated, of all interest in the mortgaged property except the right of redemption and possession for one year after the date of sale; and it may be said in the instant case that title

did pass to the trustee, as such, for the benefit of the beneficiaries. *Hamsmith v. Espy, Barker and Robinson,* 19 Iowa 444; *Poweshiek County v. Dennison,* 36 Iowa 244; *Curtis v. Barber,* 131 Iowa 400. The lien of the judgment and the trust deed is exhausted, and the effect of the sale is the same as if the purchaser had paid cash to the sheriff, and in return received back from the sheriff the cash to credit on the judgment. It is well settled that the foreclosure of a mortgage or trust deed operates as a payment of the mortgage debt. The purchaser at a sheriff's sale on execution fixes the amount which he is willing to allow upon his judgment for the land. The amount fixed may be the full value of the land, or it may be less; but the judgment creditor or his representative fixes the amount by his bid which he is willing to allow on the judgment. *Danford v. Lindsey,* 178 Iowa 834. It is also true that the creditor—the person entitled to the money—is the purchaser, and the law does not require that the money shall be paid over to the sheriff, to be by him immediately returned. *Beal v. Blair,* 33 Iowa 318. See, also, *Quaintance v. Mahaska County State Bank,* 201 Iowa 457.

The trial court in its decree recognized and confirmed the mortgages sought to be foreclosed by the Baker Ice Machine Company. We discover no reason for disturbing this phase of the decree.

II. The second proposition advanced by the appellant for a reversal is that the description of the mortgaged property, as contained in the chattel mortgage, is insufficient, and is void.

 It may be said at the outset that prior decisions involving this question constitute but weak precedent, for the reason that seldom, if ever, is the description of the property covered by a chattel mortgage the same in the different cases. Turning to the chattel mortgage in the case at bar, we find that the consideration recited is the sum of $7,381, as evidenced by two notes of $3,690.50 each, which is the amount of the indebtedness owed the Baker Ice Machine Company by the Wickfield Farms, Incorporated, and that the description of the property recited in the mortgage covers the following goods and chattels, to wit:

"50 choice registered Hampshire sows and gilts, which will be bred and kept for its own use; 7 dairy calves, spring,

average weight 300 pounds; 13 milk cows; 15 registered Holstein 2-year-old heifers; one-half interest in a registered Holstein bull, all located on Wickfield Farms, Inc., in Van Buren County, Iowa.''

The mortgage further provides that, in case of default in the payment of the said promissory notes at maturity, it ''shall be lawful for the said mortgagee or his assigns to take immediate possession of said goods and chattels wherever found, * * * and to sell the same at public auction, or so much thereof as shall be sufficient to pay the amount due, or to become due.'' It may be recited further that there was an identification of the property covered by the mortgage, subsequent to the commencement of the action, by Frank Silver, president of the Wickfield Farms, Incorporated, and there was a subsequent sale of this property, under an agreement or stipulation entered into by the parties. The property was sold at public auction, and in the decree in this case the trial court found that:

''This sale was so held under said agreement and order of Judge W. M. Walker, and W. L. Hetzler, clerk of said sale, turned over to W. L. Eyman, as receiver of Wickfield Farms, Incorporated, upon his appointment, the sum of $4,136.53, being the net proceeds derived from the sale after all expenses had been paid. * * * The Baker Ice Machine Company is entitled to have the lien of its chattel mortgage follow and be impressed upon the funds aforesaid, in the sum of $4,136.53, no part of which belongs to the receiver, nor subject to costs and charges of the administration of the receivership.''

This finding is approved.

It is the defined rule in this state that the alleged insufficiency of description must be so patent that the court may say, as a matter of law, that it is so manifestly indefinite and uncertain that, even when aided by inquiries which the instrument itself suggests, the items intended to be covered by it cannot be fairly identified or ascertained. *Church v. Brown*, 195 Iowa 1112. See, also, *Kenyon v. Tramel*, 71 Iowa 693; *Wells v. Wilcox*, 68 Iowa 708; *Smith & Co. v. McLean*, 24 Iowa 322; *Yant v. Harvey*, 55 Iowa 421; *Brock v. Barr*, 70 Iowa 399; *City Bank of Boone v. Ratkey*, 79 Iowa 215; *Bank of Hinton v. Swan*,

156 Iowa 715. In the case of *Hamm Brew. Co. v. Flagstad,* 182 Iowa 826, it is said:

"The subsequent mutual selection of the 41 head by the parties to the mortgage was itself an identification of the mortgaged property as between them. We must hold, therefore, that, as between the parties thereto, the mortgage was valid."

Even a defective description can be cured by subsequent delivery of the property to the mortgagee, as against persons who have not acquired any right or interest before such delivery. *Kelley, Maus & Co. v. Andrews,* 102 Iowa 119. See, also, *National Bank of Milton v. O'Brien,* 196 Iowa 865.

A receiver of an insolvent is present in this case, and in this connection it may be said that the enforcement of conflicting equities of creditors in the assets of the corporation is no part of the function or duty of the receiver. A receiver of a corporation cannot impeach any act which the corporation itself could not successfully assail. See *Dold Packing Co. v. Doermann,* 293 Fed. 315; *Moore v. Boise Land & Orchard Co.,* 31 Ida. 390 (173 Pac. 117). In brief, a receiver of a corporation can acquire no greater rights in the property than the corporation had, at the time his rights became fixed. He takes the property subject to all equities or incumbrances existing against the same in the hands of the insolvent, and he is not viewed as a bona-fide purchaser for value. In the instant case, the two mortgages delivered to the appellee-intervener, Baker Ice Machine Company, were executed and delivered prior to the insolvency of the corporation creating the indebtedness. These securities were given to secure a pre-existing debt, and were clearly based on a good and valid consideration. Both the instant receiver, as manager and a director, and Seth S. Silver, as secretary of the Wickfield Farms, Incorporated, had actual knowledge of the existence of the mortgage prior to the order appointing the receiver and prior to the commencement of any suit; and a challenge to the validity of the chattel mortgage for technical defects, if any, should not be sustained in a court of equity.

Innocent third parties are not involved here. The mortgages were duly executed, and they were good as between the

parties to them, and as against all who had due notice of them. *Clapp v. Trowbridge*, 74 Iowa 550.

With this view of the facts and the law, as herein expressed, the decree entered by the trial court must be, and it is,—*Affirmed.*

ALBERT, C. J., and STEVENS, MORLING, and WAGNER, JJ., concur.