## CHRIST v. COLLINS, TRUSTEE ET AL.

[No. 26,805. Filed February 24, 1937. Rehearing denied April 26, 1937.]

*Twyman & Friedman*, for appellant.

*Willard B. Van Horne, Willard B. Van Horne, Jr.,* and *Winslow Van Horne,* for appellees.

ROLL, J.—A complaint was filed in the Lake Superior Court No. 2, to foreclose a mortgage. This mortgage was executed by Louis Wexler and Lillian Wexler, his wife, and Asher Siegal and Louise Siegal, his wife, to the Citizens Trust and Savings Bank of Indiana Harbor, Indiana, as trustee to secure twenty-one bonds aggregating $17,500. Subsequent to the execution of the mortgage William J. Collins, appellee herein was appointed successor trustee, and upon default in the payment of the bonds, instituted an action to foreclose said mortgage for and on behalf of all the bondholders. Judgment was rendered for the sum of $20,632.50 plus $735 attorneys' fees together with cost and a decree of foreclosure was entered. The judgment recited that it was for the equal

use and benefit of the following named beneficiaries according to their respective interest as follows: Gust Christ, as the owner of Bonds Nos. 1 to 10 inclusive, and Bond No. 15, in the sum of $12,379.50 principal and interest, plus $455 attorneys' fees; Julius and Lena Holtzman, as the owners of Bonds Nos. 11 and 12, in the sum of $2,358 principal and interest, plus $80 attorneys' fees; Pedro Mirovich, as the owner of Bonds Nos. 13 and 14, in the sum of $2,358 principal and interest, plus $80 attorneys' fees; Nick Soteropoulos, as the owner of Bonds Nos. 16 and 17, in the sum of $1,179 principal and interest, plus $40 attorneys' fees; Ethel English, as the owner of Bonds Nos. 18 and 19, in the sum of $1,179, principal and interest, plus $40 attorneys' fees; Anna Hornyak, as the owner of Bond No. 20 in the sum of $589.50, principal and interest, plus $20, attorneys' fees; and Indiana Harbor Womans' Club as the owner of Bond No. 21 in the sum of $589.50, principal and interest, plus $20 attorneys' fees; together with the costs of this action, all without relief from valuation and appraisement laws.

The successor trustee caused a sheriff's sale to be held of the mortgaged property pursuant to the foreclosure decree. At the sheriff's sale of the mortgaged premises appellant was a bidder, and offered $5,500 in cash for the fee simple title to said property, and paid the sum of $2,238.43 in cash to the sheriff of Lake County, which amount represented the sums due all other beneficiaries under the foreclosure judgment plus the court costs, and offered to receipt the judgment for his interest in the judgment, which would when added to the amount of cash paid in, equal $5,500, the amount of the bid. The appellee William J. Collins, as trusee, bid the sum of $17,500, for and on behalf of all the bondholders, and offered to receipt the judgment in said amount, for the property. By a stipulation of the parties, the record

shows that appellant was present at the sale and informed appellee Collins, in the presence of the sheriff, that he (Christ) was objecting to said trustee bidding on said property as trustee, and that he was not authorized to bid for and on his behlf and so instructed the said trustee. These were the only bidders at said sale, and each bidder, appellant for himself, and the trustee for and on behalf of all the bondholders, and each were demanding the certificate of sale from the sheriff as the highest and best bid offered. The sheriff refused under the facts as stated to deliver his certificate to either and consequently, appellee Collins, as trustee for and on behalf of each and all the bondholders, filed in the Lake Superior Court No. 2, his petition herein, asking the court to direct the sheriff to deliver to him, as such trustee his certificate of purchase. Appellant Christ also filed his petition of the same tenor and effect, praying that the sheriff be directed to deliver him his certificate of purchase. The petitions were filed without objection and the facts most of which are stipulated are substantially as above set out. No objection is urged to the procedure adopted. The court found in favor of appellee and ordered the sheriff to execute and deliver to William J. Collins, trustee, his certificate of purchase, for the mortgaged premises. The only question presented under the above facts is: Has the trustee under the mortgage, where the mortgage itself is the trust instrument, and does not expressly authorize the trustee to purchase or bid in the trust property at foreclosure sale, the power to bid in the mortgaged property at a sheriff's sale thereof, on behalf of all the beneficiaries, over the protest and objection of one of the beneficiaries under said mortgage?

Appellant presents his question on his assignment of error that the court erred in overruling his motion for a new trial. The motion for a new trial was on the

ground that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

We find no case in this state where the exact question here presented has received the attention of this court.

Appellee in support of the proposition that the trustee has the implied power to bid at his own foreclosure sale, cites the case of *Rinker* v. *Bissell, Trustee* (1883), 90 Ind. 375. We do not think this case supports appellee's contention. In that case, one Rinker entered into a contract of purchase of certain real estate and agreed to pay a certain sum upon delivery of a deed therefore, warranting against all such incumbrances as he might have placed on the same. Such a deed was tendered but Rinker refused to accept the same and pay the agreed purchase price. A suit for specific performance was filed and Rinker answered, and in his answer he admitted the execution of the contract, but sought to avoid the same by alleging in sustance that the lot in question was formally owned by Deschler and that said Deschler conveyed the same to Bissel by a deed of trust, or mortgage, to secure the payment of certain bonds, payable in ten years, and all to become due at the option of any holder upon default in the payment of any instalment of interest; that there was a default in payment, and a suit instituted by Bissell as trustee for all the bondholders to foreclose the mortgage; that judgment was obtained and at the sheriff sale said Bissell became the purchaser of the lot in his own name, bidding therefor the aggregate amount of principal, interest and cost then due on the judgment; that one year thereafter the lot not having been in the meantime redeemed by anyone, the said Bissell received a sheriff's deed therefor in consummation of his purchase under the decree of foreclosure and had ever since been in possession and control of the same; that at the time of his purchase of said lot at the sheriff's sale, the said

Bissell was not a resident of this state but was then, and had ever since continued to be a resident of the state of Connecticut, having in consequence no power to act as trustee of the owners and holders of the bonds, for whose use the decree of foreclosure was entered, and the said Rinker, refused to accept the deed tendered to him by Bissell, because it was not also executed by the owners and holders of the bonds. The court sustained a demurrer to this answer, and Rinker refused to plead further, judgment decreeing specific performance was entered and Rinker appealed. He urged on appeal, First, That the purchase of the lot by Bissell at the sheriff's sale, as trustee, was void, because of the inhibition against non-resident trustees in certain cases contained in the act of March 29, 1879; secondly, that his purchase in his own name was voidable on account of his former trust relations to the lot, and especially when considered in connection with his failure to make the owners and holders of the bonds named in the deed of trust parties to the foreclosure sale, and hence that it was necessary that the owners and holders should have united with Bissell in the execution of the deed, tendered before the commencement of this action, to make the title to the lot a complete and marketable one, as was legally contemplated by the contract of sale.

The court held that the statute referred to was not in force at the time the deed of trust was executed, and that it had been decided that the statute was not intended and did not have any retrospective effect. Appellee points especially to the following language used by the court (p. 379) :

"Bissell has as much right to purchase the legal title of the lot, when the sheriff sold it, as had any other plaintiff to buy the property of a judgment defendant at a like sale, and it was his duty to bid in the lot, if such a course were necessary to protect the trust estate in his hands. No charge of

bad faith is made against Bissell in that respect, and all the presumptions are indulged in favor of the good faith and validity of his purchase."

It will be observed that nowhere in the above case was the question now under consideration, ever presented or discussed. The opinion nowhere discloses the terms of the trust deed; whether express authority was given in the mortgage to the trustee to bid in the property at foreclosure or not. It was not necessary to a decision of the questions presented by appellant to state the authority given the trustee in the trust instrument, because no such contention was made by the appellant. The above quotation from the opinion when detached and read separate from the facts and contentions urged by the parties, might lend some support to appellees' contention herein, but when read in connection with the facts and in the light of the questions there being considered by the court, it becomes clear that the case lends no support to appellees' position.

Appellees rely upon the following cases: *Nay Aug Lumber Co.* v. *Scranton Trust Co.* (1913), 240 Pa. St. 500, 87 Atl. 843; *Silver* v. *Wickfield Farms* (1929), 209 Iowa 856, 227 N. W. 97; *First Nat'l Bank* v. *Neil* (1933), 137 Kansas 436, 20 Pac. (2d) 528; *Hoffman* v. *First Bond & Mortgage Co.* (1933), 116 Conn. 320, 164 Atl. 656; *Krieger* v. *Title Ins. & Trust Co.* (1935), 260 Ky. 1, 83 S. W. (2d) 850; *Kitchen Bros. Hotel Co.* v. *Omaha Safe Deposit Co.* (1934), 126 Neb. 744, 254 N. W. 507.

The first above cited case seems to be squarely in point and fully supports appellee's contention, and seems to be the first case in this country that directly holds a trustee may purchase the trust property at a foreclosure sale and apply the indebtedness in payment of the bid even though the trust did not expressly confer that power. Connecticut adhered to the same rule in the case of *Hoffman* v. *First Bond & Mortgage Co.*,

*supra.* The court reached this conclusion upon the theory of a necessary implication of power in order that the trustee could perform what the court considered to be its duty to protect the trust estate against loss. In the case of *First Nat'l Bank, etc.* v. *Neil, supra,* a, Kansas case, fairly support appellee. The case of *Silver* v. *Wickfield Farms supra,* uses some language following the rule announced in the Nay Aug case, but such language must be considered *obiter dictum,* because no such language was necessary to a decision of the question presented. The deed of trust in that case contained an express authority for the trustee to bid. This was also true in the case of *Kitchen Bros. Hotel Co.* v. *Omaha Safe Deposit Co., supra.* In the case of *Smith* v. *Massachusetts Mutual Life Ins. Co.* (1934), 116 Fla. 390, 156 So. 498, cited by appellee, it was held that where a trust deed contained the express provision authorizing the trustee to bid in the trust premises for the benefit of all the bondholders it may do so. It was further said that it had implied power to do so when it lacked express power. In *James* v. *Cowing* (1880), 82 N. Y. 449, the trust deed contained express authority to the trustee to purchase the property at foreclosure sale.

Appellant relies upon a series of cases starting with the case of *Equitable Trust Co.* v. *United States Oil and Refining Co.* (1928), 35 Fed. (2d) 508, 509. In this case the court said:

"... the question is fairly raised as to whether or not the court may authorize, lacking a provision in the trust deed, a trustee to become a bidder for all the bondholders at a sale of the property and to offer as a portion of said bid in consideration of the sale price the debt secured by the trust deed in lieu of cash."

After referring to the Nay Aug case, the court further said:

"I am unable to bring myself into accord with

the reasoning of the court in the case cited. As it appears to me, the purchaser and holder of bonds had the right and reason to expect that, if there were a default in the payment of bonds under the trust deed, in case of foreclosure the property would be sold, and that he would receive his proportionate amount which the property realized in cash, and moreover I believe that this should be his right."

The Equitable Trust Co. case was before the court again in the case of *Werner, Harris & Buck* v. *Equitable Trust Co.* (1928), 35 Fed. (2d) 513, 514, and on appeal the court said:

"The trust deed contained no provision authorizing the trustee to bid at the sale for and on behalf of the bondholders. . . .

"Upon due consideration of the matter, the trial court correctly came to the conclusion that there was no power in the court to compel the holder of a single bond to participate in a bid for the property, if he did not wish to do so; that the rights of the bondholders were measured by their bonds and the trust deed securing the same, and, absent any provision therein authorizing the trustee to bid for and on behalf of the bondholders, there was no power in the courts to confer such authority upon the trustee. . . . Each bondholder has the absolute right to determine for himself, in case of default, whether he shall take his loss and quit, or continue to gamble; if the property is sold at public sale, he had a right to take his proportion of the best bid that can be secured in cash, and cannot be compelled to become an owner of an undivided interest in the property."

Michigan, in the case of *Bradley* v. *Tyson* (1876), 33 Mich. 337, discussed this same question. The above case involved a bid by the trustee, under a mortgage on behalf of all bondholders. The bid was confirmed and certain bondholders appealed. The court ordered the sale be set aside, unless the objecting bondholders got their proportionate share in cash. The court said that it was for the creditors, and not the trustee, to see that the property was not sacrificed. In the case of *Detroit Trust*

*Co.* v. *Stormfeltz-Lovely Co.* (1932), 257 Mich. 655, 242 N. W. 227, the court declared a statute unconstitutional that authorized a bid by the trustee on behalf of all bondholders where no bid has been made at a sale, or it appears that a bid will not be had for a sum representing the fair value of the property, and where a majority of the bondholders have requested the trustee to bid. The court said (p. 664):

> "A bondholder has the right to insist upon his contract, even if eventually he should fare worse by insisting upon his share of a sale for cash, together with the right to look to the responsibility of the mortgagor for a proportionate share of the deficiency. He is not bound to become the owner in common of a beneficial interest in a trust which may run on for many years and from which he may realize cash, stocks, bonds, or other securities that eventually may net him more or less than the amount he would have received had the property been sold for cash."

In the case of *Sanxey* v. *Iowa City Glass Co.* (1883), 63 Iowa 707, 17 N. W. 429, the court said that there was, "no rule of law, and surely there is no equitable principle, by which a creditor is bound to take property in satisfaction of his debt, and at a price to be fixed by another, unless he has contracted so to do."

The same principle was adheared to and many cases are reviewed and discussed in the case of *Cosmopolitan Hotel Co. Inc. et al.* v. *Colorado Nat'l Bank of Denver* (1934), 96 Colo. 62, 40 Pac. (2d) 245. Another very interesting and well reasoned case in which a great many cases are reviewed, is *The Chicago Title & Trust Co. Trustee et al.* v. *Max Robins et al.* (1935), 361 Ill. 261, 198 N. E. 4. See also *Detroit Trust Co.* v. *Stormfeltz-Lovely Co., supra.*

While the authorities seem to be in irreconciable conflict, we are very firmly convinced that appellee trustee had no power under the facts of this case to purchase

the property for the benefit of all the bondholders, and pay therefor by receipting the judgment and cancelling the bonds held by the interested parties. In other words by making, what is spoken of as a "paper bid." This position is supported by the authorities herein above mentioned and in our judgment announces the sound rule.

For the reasons above set out the judgment must be reversed with instructions to the trial court to set aside his judgment and enter judgment for appellant.