### DOUGLASS *et al.* v. BISHOP.

1. **Mortgage: FORECLOSURE: PARTIES: REDEMPTION.** A decree of foreclosure and sale thereunder is not void because a subsequent purchaser of part of the mortgage premises was not made a party to the foreclosure proceeding. The purchaser in such case merely holds the equity of redemption, which he may enforce by a proceeding therefor.

2. —— **PURCHASER OF PART MUST REDEEM THE WHOLE.** A purchaser of part of the mortgaged premises can redeem only by paying the whole of the debt secured by the mortgage.

3. Practice: REDUNDANT MATTER. That a pleading contains matter which is irrelevant or redundant, is not a ground of demurrer. A motion to strike such matter from the pleading is the proper remedy under section 2946 of the Revision.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 10.

THIS is an action upon a bond executed by defendant and another. The facts constituting the cause of action are as follows : In 1855 one Wasson, being the owner of certain lands executed a mortgage thereon to Cook. In 1856 Wasson conveyed the lands to Pierce, and, in order to indemnify him against said mortgage, executed with defendant, Bishop, a bond to Pierce, conditioned as follows : " That Wasson shall fully indemnify and save said Pierce harmless of and from a certain mortgage," describing it as the mortgage aforesaid. In 1861, Cook recovered a decree of foreclosure, upon said mortgage, in a proceeding wherein Wasson was alone a party, Pierce not being joined therein. Upon this decree the land was sold to Scott. In 1863 Pierce conveyed a part of the land to plaintiffs and assigned to them the said bond ; in the same year Douglass conveyed his interest in the land to Wasson, and made a verbal transfer of the bond to him. In 1864, Scott conveyed the whole of the land to Elwell. In 1866 Wasson commenced suit against Elwell to redeem the part of the land conveyed to him, and, in 1867, compromised with Elwell, and, upon payment of $62.50, received from him a quit-claim deed for the land which, it was claimed, was subject to redemption. In 1858 Bishop, for a consideration paid by *Wasson* (the mortgagor), agreed with him to assume and pay all liability upon the bond. The petition alleges the foregoing facts. A demurrer thereto was sustained. Plaintiff appeals.

*C. H. Conklin* for the appellant.

*George Bishop pro se.*

BECK, J. — I. The demurrer raises, in fact, but three objections to the petition. The first relates to the validity of the foreclosure proceeding. It is insisted, that, as shown by the petition, the decree of foreclosure and sale thereunder are void, and therefore the proceeding to redeem, resulting in a compromise, was unnecessary, and defendant cannot be charged with the amount expended for that purpose.

<div style="float:left">1. MORTGAGE: foreclosure: parties: redemption.</div>

The foreclosure of a mortgage, in an action against the mortgagor alone, where a part of the land covered by the mortgage has been conveyed and the purchaser is not made a party to the proceeding, is not void. The purchaser of such part of the land holds the equity of redemption therein which has not been cut off by the foreclosure, and nothing more ; and the purchaser under the decree acquires a perfect title, subject to this equity of redemption, which may be enforced by action brought by the one holding it after the foreclosure and sale. *Street* v. *Beal & Hyatt,* 16 Iowa, 68 ; *Heimstreet* v. *Winnie,* 10 id. 430 ; *Bates* v. *Ruddick,* 2 id. 427.

In such case the purchaser of a part must redeem the whole of the land mortgaged, and upon payment of the whole of the debt secured by the mortgage. *Street* v. *Beal & Hyatt, supra ; Johnson* v. *Harmon,* 19 Iowa, 57.

<div style="float:left">2. —— purchaser of part must redeem the whole.</div>

The view taken in defendant's demurrer, which was adopted by the court, that the foreclosure sale was void, is erroneous. Plaintiffs, in order to hold the title to the land, were required to redeem, and the proceeding for that purpose was properly instituted. They were authorized to make a just and proper compromise whereby their rights were preserved.

II. The other assignments of errors relate to the agreement between Wasson and Bishop, as set out in the petition. 3. PRACTICE: redundant matter. Admitting that the objections are well taken, Bishop is liable, notwithstanding, as an obligor upon the bond. But the averments concerning this agreement, if objectionable at all, are, at most, irrelevant or redundant, and should have been assailed by motion. Rev. § 2946.

The demurrer should have been overruled, and the judgment of the District Court is therefore

Reversed.