R. P. MEAD v. ILLINOIS CENTRAL RAILROAD COMPANY AND DUBUQUE & SIOUX CITY RAILROAD COMPANY, Appellants.

Adverse Possession: CLAIM OF RIGHT. Where a tract of land was surveyed, staked and platted by defendants, in their private plat book, as a part of their right of way and depot grounds, such action did not constitute a claim of right on which adverse possession could be based.

OCCUPANCY BY EMPLOYES. 'Legal title to land was in plaintiff, but
defendant's railroad employes built houses and resided on
the land by permission of defendant's road master. The
houses were removed after notice from plaintiff to defendant,
3   requiring it. *Held,* that such occupation by defendant's em-
ployes was not possession by defendant, so as to entitle de-
fendant to claim the land by adverse possession.

RECOVERY OF LANDS: *Statute of limitations.* The statute of limi-
tations requires actions for the recovery of real property to be
brought within 10 years from the time the cause of action
accrues. Plaintiff had no knowledge that defendants claimed
4   certain lands until 1881, and defendants first asserted a right
thereto in 1883. Plaintiff brought an action to recover the
land in 1888. *Held,* that the action was not barred by limi-
tations.

Conveyance Construed: RIGHT OF WAY AND DEPOT GROUNDS. Where
a tract of land was conveyed "subject to all rights of way over
1   said property" such rights of way did not include a portion
of such tract claimed by a railroad company as depot grounds.

*Appeal from Butler District Court.*—HON. J. F. CLYDE,
Judge.

MONDAY, OCTOBER 22, 1900.

PLAINTIFF, as owner of the southwest ¼ of the south-
west ¼ of section 20, township 90, range 17, Butler county,
brought this action June 7, 1888, to recover possession
thereof and $100 damages. At the March term, 1897, the
defendants filed their amended and substituted answer, join-
ing issues as will hereafter appear. At the April term,
1898, a jury being waived, the case was tried to the
court, and judgment rendered in favor of plaintiff, from
which the defendant appeals.—*Affirmed.*

*Duncombe & Kenyon* and *Edwards & Camp* for appel-
lants.

*Hemmingway & Arbuckle* for appellee.

GIVEN, J.—I. It is conceded that the title to the land
described is in the plaintiff, under a deed dated September

24, 1881, which contaînes the following: "Subject to all rights of way over said property claimed and occupied by persons and corporations, but transferring all claims for unsettled rights of way to Chas. S. and William S. Mead."

It is claimed that the right of way includes the depot ground, and therefore plaintiff never acquired title to it, but simply the right to unsettled damages. They are generally regarded as different, and were so treated in this instance. The land in controversy is about 1½ acres of the 40 acres described, the material facts concerning which are as follows: In 1856 or 1857 the Dubuque & Pacific Railroad Company laid out its line of road across said 40-acre tract, and surveyed, staked, and platted upon its plat book a part thereof for depot grounds at the town of Aplington. In August, 1860, the property of that company was transferred by decree to the Dubuque & Sioux City Railroad Company, by which it was operated until October, 1867, when it leased the same to the Illinois Central Railroad Company, by which it has since been possessed and operated. There is no evidence or claim that either of these companies ever acquired title or right to possession of any part of said 40 acres by purchase, condemnation, or gift. The defendants base their right to ownership and possession upon open, notorious, continuous, adverse, and peaceable possession under claim of right and color of title for 20 years, the statute of limitations, estoppel, and abandonment by the plaintiff.

II. The track, siding, and depot of the defendants at Aplington were constructed on the ground platted as right of way and depot grounds as early as 1867, and have ever since been occupied as such; and as to the ground so occupied the plaintiff makes no claim. His claim is to the 1½ acres in controversy, on the ground that it never was occupied adversely by the defendants, while their claim is that they so occupied the entire ground

platted as depot grounds. Neither the tracks nor the depot building was upon this disputed ground. The extent of defendant's occupation was this: In 1867 or 1868 the defendants' road supervisor at Aplington gave one Nugent, a section foreman, permission to build a house at a certain place, partly on the right of way and partly on the disputed land, which house remained thereon for 12 or 14 years. Other temporary houses were built on the disputed land, with like permission, by other employes. All of these structures were removed from the land after a notice by the plaintiff to the Illinois Central Railroad Company in February, 1882, requiring it. By like permission a Mr. Swan built a crib on the land in 1881, which, being full of corn, was not removed at the time of the notice. Concede that the road master had authority to consent to the occupancy of land belonging to the defendants; he had no right to give such consent as to the land of another. The defendants had no right whatever in this land in 1867 and 1868. by adverse possession or otherwise; nor was the use of it by the employes for residence purposes a use by the defendants. The employes were on the land at the sufferance of the owner, and, on his demand, removed their buildings, and quit possession. If their possession was possession by the defendants, it was not continuous, neither was it under even a shadow of title, nor adverse to the owner. Surveying, staking, and platting the land in its private plat book did not give the company any right to the land, nor show a claim of right. These things are done to ascertain what the company wants, and right thereto is acquired by purchase, condemnation, or gift. As we view it, this record fails to show that the defendants ever had any possession of the 1½ acres in dispute, under claim of right and color of title, or otherwise. The possession of Nugent, Swan, and others was not strictly for railroad purposes, was not possession by the defendants, was not con-

tinuous, nor under color of title or claim of right, but at the sufferance of the owner, and therefore not adverse.

III.   Actions for the recovery of real property must be brought within 10 years from the time the cause of action accrues.   Code, section 3447; *Sherman v. Stage Co.*, 24 Iowa, 515.   In view of our conclusion that the defendants never had possession of the ground in dispute, no cause of action accrued to the plaintiff or his grantors until the defendant in some other way asserted some right in the land.   The surveying, staking, and platting, as done were not, under the circumstances, notice of claim to the land.   The deed to the Dubuque & Sioux City Company did not specify this particular land, nor did the lease to the Illinois Central Company.   The evidence shows that the first knowledge plaintiff had that the defendants claimed the land was in the fall of 1881, previous to his notice to fence the track and remove all structures on the land, served in February, 1882.  It does not appear that there ever was any assertion on the part of the defendants of a right to this 1½ acres as a part of the depot grounds until in 1883, when plaintiff was fencing the 40, and was forbidden by defendant's section boss, by order of the company, to include the land in dispute.   This action was begun June 7, 1888—within 10 years from the time the cause of action accrued.

What we have said disposes of defendant's claim of estoppel and laches.   Some questions are made on rulings on evidence, which, as we view them, were without prejudice, if erroneous.   We discover no prejudicial error in the proceedings, and, as the judgment is sustained by the evidence, it is AFFIRMED.

GRANGER, C. J., not sitting.