H. M. WHITE, Appellant, v. S. S. MELCHERT et al., Appellees.

No. 40037.

NOVEMBER 12, 1929.

*Verne J. Schlegel* and *Buell McCash,* for appellant.

*H. C. & H. C. Taylor* and *T. A. Goodson,* for appellees.

MORLING, J.—Schultz, on March 1, 1925, executed to plaintiff a mortgage on his farm. On October 24, 1927, Schultz made a written agreement with defendant Melchert to sell the farm to Melchert, and to deliver deed March 1, 1928. On October 28, 1927, defendant Melchert sold to defendant Merryman a half interest in the land. On January 4, 1928, petition for foreclosure, brought by plaintiff against Schultz and wife, was filed. Melchert and Merryman were not made parties to the foreclosure suit. However, plaintiff testifies that, on January 30 or 31, 1928, about a week after foreclosure was commenced, Schultz told plaintiff that Schultz had sold the farm to Melchert. Decree in the foreclosure suit was rendered April 4, 1928, and the land sold under special execution, May 9, 1928, to plaintiff. On December 27, 1928, petition in the suit now before us was filed. In this petition, plaintiff sets up the mortgage and foreclosure

proceedings, and alleges that defendants were not made parties because the contract between Schultz and Melchert was not recorded, and plaintiff had no knowledge of it at the time of the commencement of the foreclosure. The prayer of the petition is for a decree barring defendants from all interest and equity of redemption, "reserving * * * to them [defendants] and each of them only such rights of statutory redemption to redeem said land above described from said sheriff's sale in said foreclosure proceedings as are by law specifically provided." Defendants, in answer, set up their contracts and a deed by Schultz, dated April 14, 1928, in which a blank was left for the name of the grantee, no name ever having been inserted in it, and which was given on terms differing from the contract, but which states that it is "delivered in satisfaction of a real estate contract entered into with" the grantor.

It appears that, when the contract of October 24, 1927, between Schultz and Melchert was made, Merryman had a lease of the premises in question, and had a hired man living on and operating the land. Merryman himself later moved upon the land, and was personally occupying it at the time the foreclosure suit was commenced. The lease from Schultz to Merryman did not expire until March 1, 1928, during which time Merryman continued to pay rent; and plaintiff argues that he was chargeable with notice only of Merryman's occupancy under the lease.

## I. Plaintiff's Appeal.

Plaintiff complains of the action of the court in granting defendants the right to redeem after the expiration of the statutory period of redemption by Schultz, which would be May 9, 1929, the decree in this case having been rendered, as stated, April 27, 1929. The theory of the suit seems to be that plaintiff, without knowledge of defendants' rights as vendees, failed to implead them as parties defendant to the foreclosure, and therefore is entitled to maintain the present action, on the principle recognized in *Nelson v. First Nat. Bank*, 199 Iowa 804, and cases there cited. The prayer of plaintiff's petition in his present suit is that any equity of redemption which defendants may have, be cut off, saving to them "such rights of statutory redemption to redeem" from sheriff's sale

as are by law specially provided. This prayer is renewed in the reply, with the further one:

"And in the event the court decrees said defendants, or either of them, to have an equity of redemption in said land, then to allow said defendants not to exceed sixty days from the institution of this suit, either to redeem said land or to have their said equities of redemption, if any, thereafter forever barred and cut off."

Plaintiff is appealing to equity. He is asking, in effect, a strict foreclosure. On his own theory, as well as in equity, defendants are entitled to a reasonable time in which to exercise their right of redemption. While it may be conceded that the foreclosure sale was not void (*Douglass v. Bishop*, 27 Iowa 214), and, for the purpose of this case, that the doctrine of *Nelson v. First Nat. Bank*, 199 Iowa 804, is applicable to the case of a vendee omitted from foreclosure proceedings, as well as to a junior incumbrancer, nevertheless the original foreclosure suit was wholly ineffective to cut off defendants' right of redemption. Plaintiff argues that a new arrangement was made between Schultz and Melchert, by which the deed in blank was executed, and which was, in effect, an abandonment of the original contract; that, the name of the grantee having been left blank, the legal title remained in Schultz, and until the name of the holder was inserted, it conveyed no title and conferred no right of redemption; that any interest which defendants now have is subsequent to the commencement of the foreclosure suit, and cut off thereby.

There is no doubt of the execution of the contract of sale by Schultz to Melchert before plaintiff commenced his foreclosure suit, and consequently no doubt of the defendants' rights as vendees at the time that suit was commenced. We see no reason for holding that those rights have ever been abandoned. Within about a week of the time of commencing the suit to foreclose, plaintiff had actual knowledge of that contract. He knew that Merryman was living on the land, and, without making any inquiry as to the extent of his rights, assumed, apparently, that Merryman's rights were only those of a tenant. Decree in the foreclosure suit was not taken for more than 60 days after plaintiff was informed of Melchert's rights. During that time, he,

so far as appears, made no further inquiry, and made no effort to bring Melchert into the suit to foreclose, but took decree of foreclosure, which, on his own knowledge at the time, was defective as to parties defendant. He knew that Melchert was the equitable owner of the premises and entitled to redeem, and yet, though he had had plenty of time to do so, he had not joined Melchert as a party. (His present attorneys were not then representing him.) Plaintiff is appealing to equity, and must do equity; and we are of the opinion that he has no cause to complain of the length of the period which the trial court gave defendants to redeem. While plaintiff says that he does not want the land, and would be glad to take his money, no special circumstances showing injustice or unreasonableness in the time allowed appear.

## II.  Defendants' Appeal.

Defendants, quite mildly, however, argue that the court should have held that the foreclosure sale was wholly void for any purpose, and that plaintiff's only remedy was to commence a new foreclosure. This was not the theory which defendants presented to the trial court. Defendant Melchert testified:

"I am after a year of redemption from the time I was made a party to this suit.  Q.  In other words, you want possession for another year, and, even though you are able, as you claim, to redeem within the statutory year of redemption, and even though you have known for over a year that this farm had been foreclosed, you want to stay in possession another year, use the property, and postpone the vesting of title in Mr. White until another year has elapsed, making two years from the time of foreclosure? * * *  A.  Yes, barring the phraseology, that is about it."

Defendant Merryman is quite noncommittal as to whether he admits himself to have any interest or not. He says he supposes he claims under the deed; that he had no agreement with Melchert as to what his rights under the deed would be; that, if his present arrangements with his present landlord are satisfactory, he may never go back on the land involved here; that he does not "think that deed is any account, the way it is."

The case was tried on defendants' original answer, which,

though it averred that defendants were in no way bound by the foreclosure, merely asked that the petition be dismissed. The trial was completed and case submitted April 4, 1929. Afterward, defendants filed amendment to answer, setting out the prayers in plaintiff's petition and reply, and alleging that therefore defendants "have at this time their statutory right to redeem said premises from sale * * * and they are, by way of affirmative relief, entitled to exercise their statutory right of redemption at any time within one year from the date of the expiration of the period of equity of redemption, as fixed by the court herein, and they ask the court to recognize such statutory right * * * in any decree to be entered in this cause. * * * Wherefore, defendants pray that their statutory right of redemption be reserved unto them; that they be given one full year to exercise that right from the date of the expiration of the period of equity of redemption, as fixed by the court herein; and that they have full and general relief in equity * * *"

In resistance to motion to strike amendment to answer, defendants again set up the prayers of the petition and reply, and the prayer of their answer for denial of the relief demanded by plaintiff, and say that "plaintiff has never at any time withdrawn this prayer, and said matter was before the court in the trial of this case, and was argued to the court at length by both plaintiff and defendants. * * * In other words, the whole case was tried upon the theory that the defendants had the right, under the statute, to redeem within one year from this time, or from the time of the signing of any decree in this cause, or from the expiration of the period of the equity of redemption of the defendants, as fixed by the court in this case;" that to refuse to decree "that defendants should have a year to redeem from the time of the termination of their equitable right of redemption by the decree entered in this cause, would be to compel defendants to bring a new cause of action to enforce that statutory right of redemption, which would mean a multiplicity of suits * * * The whole matter has been fully argued in this cause, and under the same rule of equity, that equity, when it takes a case for one purpose, will take it for all purposes, is invoked, and all of the rights of all of the parties in every respect should be provided for in this decree * * * The court has, in effect, * * * held that defendants' right of statutory redemption has never

commenced to run, and that they would be entitled to redeem within one year from the termination of their equity of redemption.''

Later, defendants filed another amendment to answer (no leave appearing), praying that the foreclosure proceedings be set aside, and the certificate of execution sale decreed to be void.

We are of the opinion that, on the theory on which the case was tried, and on the position taken by defendants at the trial, the court was right in foreclosing defendants' right of redemption as of the date of the decree, and giving them one year in which to redeem. It is not necessary to enter into a discussion of the distinction between the equitable right of redemption and the statutory right of redemption, as argued.

On both appeals—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.