ELGA BURNS et al., Appellants, v. PRUDENTIAL INSURANCE
COMPANY OF AMERICA, Appellee.

No. 45318.

DECEMBER 10, 1940.

Michael Murray, for appellants.

Fred E. Egan and Quintard Joyner, for appellee.

SAGER, J.—The decree of the trial court so aptly sets out the question under consideration that we adopt it in part:

"The defendant brought an action * * * to foreclose a mortgage. The plaintiffs, owners (and spouses) by inheritance from the mortgagor of a two-sixths interest, were named as parties, but had not been served at the time decree was entered as to the other owners. The cause was continued as to them. Special execution issued, levy was made on the real estate, sale was had, and the * * * defendant (herein) became the purchaser for the

full amount of the debt. Five days before the sale publication of original notice was completed upon * * * plaintiffs (in the present action). The return day subsequently arrived, * * * plaintiffs made default and supplemental decree was entered in which they are referred to as lien holders but which purports to confirm the lien of the mortgage as against any interest they might have, and which award them the time provided by law to redeem. There were some subsequent proceedings with regard to the extension of the period of redemption. No redemption was made. The defendant now holds a sheriff's deed.

"* * *

"The plaintiffs do not seek to redeem. * * *

"They seek to establish ownership in an undivided two-sixth interest in the real estate free from the lien of the mortgage."

Appellants' brief is divided into a number of subdivisions but the foregoing indicates that there is but one question involved. While these plaintiffs were not in fact served at the time the original decree was entered, they were named parties defendant and the record might justify the thought, though we do not decide, that they voluntarily appeared by counsel. There was filed a motion for a cost bond in behalf of "the defendants in the above entitled action"; that "the said defendants have a good defense". This is signed by Welch & Virtue, "Attorneys for defendants." The affidavit in support of the motion for cost bond is signed by C. C. Virtue who, on oath, says:

"* * * that I am one of the attorneys for the defendants in the above entitled action; * * * and it is my belief that they have a good defense * * *."

Repeated applications for the extension of the period of redemption was made by the father of these plaintiffs. In these he represented that he was acting in his own behalf and as agent for his children, and the trial court seems to have regarded all heirs as being represented in at least one of the applications for extension. Thus in the order of June 15, 1937, extending the redemption period to March 1, 1938, the order recites in part that "applicant defendants" appear by C. W. Kellogg, their attorney. No suggestion was made then that the

618

various attorneys who presumed to speak for all the defendants were not in fact authorized to do so. As bearing on this phase of the case, see Sloan v. Jepson, 217 Iowa 1082, 1084, 252 N. W. 535, where we said, Stevens, J., speaking for the court:

"It is presumed as a matter of law that where an attorney appears for a party to an action he has authority to do so."

Appellants argue that while the sheriff's sale operated to cut off the interest of other joint owners, it had no such effect as to the undivided one third to which they make claim; and that, having bid the total amount of its claim when the premises were originally sold, its debt was satisfied in full, leaving to these appellants an undivided one third of the premises free from encumbrance. Appellants seem to overlook the fact that they are appealing to a court of equity. They do not deny that their ancestor had the benefit of appellee's money and that it has never been repaid. Neither do they tender in the pleadings or otherwise a just proportion of the debt. They base their claim entirely upon a technicality in which the trial court found no merit; nor do we.

Appellants say that they are not estopped to assert their title because the burden of proving an affirmative defense is upon the defendant and that appellee failed to sustain that burden. A host of authorities are cited to this proposition but we deem it unnecessary to extend this opinion by analyzing them. We have here one simple question and that, controlled and determined by Harsh v. Griffin, 72 Iowa 608, 34 N. W. 441. That decision has never been challenged. The principles it announces are so in keeping with equity that we see no reason for modifying or overruling it. As has been pointed out, appellants make no offer to pay their proportion of the debt. They do not deny that they had opportunity to redeem during a number of years and that they evinced no intention of making redemption. They admit that they took no appeal from the supplemental decree. Their action here is an attempt by a technicality to enrich themselves at the expense of the appellee who furnished to their father the amount represented by the decree of foreclosure. This may not be done in a court of equity. He who seeks equity must at least offer to do equity. Plaintiffs, under this maxim,

do not qualify for relief. The authorities cited by the parties have been examined but in the light of the controlling effect of the Harsh case, supra, we deem it unnecessary to cite them.

The decree of the trial court was right and it is affirmed.— Affirmed.

All JUSTICES concur.