The Equitable Life Assurance Society of the United States, Appellee, v. Jean S. Asmus et al., Appellants.

No. 45680.

October 14, 1941.

Rehearing Denied January 23, 1942.

Boyce, Warren & Fairbank and E. H. Koopman, for appellee.

J. T. Conn and W. A. Hamilton, for appellants.

SAGER, J.—The case was submitted on agreed statement of facts from which we make the brief statement which follows. On April 16, 1927, J. S. Messer was the owner of the real estate here involved. On that day he and his wife, Mae, executed a promissory note for $12,000 payable to Hollister Brothers and gave a mortgage on this land to secure the same. This mortgage was assigned to appellee. Default having been made an action of foreclosure was commenced. Decree of foreclosure was entered April 30, 1934. The property went to sheriff's sale and was bid in for the full amount of the debt. The note and mortgage were cancelled. In this foreclosure proceeding appellant Jean S. Asmus, daughter of J. S. Messer, was not made a party, and for reasons which will appear later, she claims that her interest in the land was not cut off. Her three sisters were likewise not made parties.

Messer died testate in the state of Colorado on or about the first of March, 1932. In a court of competent jurisdiction his will was admitted to probate and his widow appointed and qualified as administratrix with will annexed. On the 7th day of October, 1932, the will was admitted to probate in O'Brien County in this state. One Conn was named administrator and in due time filed his final report. The widow and the administrator were made parties to appellee's foreclosure suit but the children, as above stated, were not included, presumably because the wife Mae was sole devisee and legatee under the will. It appears, therefore, that none of the children of Messer had an interest in his estate but for this fact of which appellee's attorneys were not aware, to wit: Jean S. Asmus was born after the will of her father was executed. Under the provisions of the statute (section 11858, 1939 Code) appellant inherited as though no will had been made. There is no real dispute between the parties as to the facts thus far related.

 Appellant insists that she is entitled to have her one-sixth interest quieted free from the claims of appellee for two reasons: One, that the mortgagee receipted for its debt when it bid in the property for the full amount of its judgment; the other that appellee and its representatives were so careless in not discovering the situation and making appellant a party to the foreclosure as to have forfeited all right to relief.

Appellant's first contention cannot be sustained under the record before us. She cites Leach v. Peoples Sav. Bank, 200 Iowa 954, 205 N. W. 790; Quaintance v. Mahaska County State Bank, 201 Iowa 457, 205 N. W. 739; Marx v. Clark, 201 Iowa 1219, 207 N. W. 357; Money v. Somers Sav. Bank, 202 Iowa 106, 209 N. W. 275; Schnuettgen v. Mathewson, 207 Iowa 294, 222 N. W. 893; Union Cent. Life Ins. Co. v. Bracewell, 209 Iowa 802, 229 N. W. 185; Silver v. Wickfield Farms, 209 Iowa 856, 227 N. W. 97; Cadd v. Snell, 219 Iowa 728, 259 N. W. 590. These do not support her contention on this record.

As a basis for appellant's argument on the second proposition she says:

"It is a simple matter of arithmetic to determine that if one of the children of J. S. Messer was a minor on May 9th, 1932, it must have been born after the making of his last will on March 23, 1909. And it is just as apparent that such child is neither mentioned or provided for in the testator's will. It is stipulated that this appellant is such after born child and that she inherited from her father as though no will had been made."

From this reasoning she proceeds to the conclusion that there was carelessness or error on the part of appellee notwithstanding the fact that the record title which was examined before the foreclosure was commenced failed to disclose any interest in the property in anyone but the widow. It is true that a transcript of the proceedings from Colorado were on file; but an examination thereof did not point out the fact that appellant was born after her father's will was made except by the roundabout method suggested by appellant. We are not prepared to hold that under the facts before us there was such inexcusable

fault as to put appellee out of a court of equity. It is not denied that appellant's ancestor had the benefit of appellee's money. No tender of equity is made and yet she asks that this inheritance be held free from any claims whatsoever. What we said in Burns v. Prudential Ins. Co., 229 Iowa 616, 294 N. W. 906, makes it unnecessary that we cite authority on this branch of the case.

No claim was made to any interest in this property until years after the foreclosure proceedings and there was no hint that appellant was claiming any interest until some reference thereto appeared in the final report of Conn, the ancillary administrator. When this was discovered the case before us was promptly started. Conceding for the purposes of argument that there may be cases where carelessness may be so manifest to deny relief in equity, we cannot bring ourselves to believe that this is such a case. We would not encourage negligence in the prosecution and protection of rights but under the record before us we are not disposed to hold the attorneys who handled this foreclosure proceedings so careless as to justify a court of equity in throwing their client out of court.

 The trial court did not find against either party but adjudged that "said plaintiff's petition and said defendants' 'cross petition', and each thereof, be and the same are hereby dismissed without prejudice to either of said parties to further action, and judgment is hereby rendered against plaintiff for the costs of this action." In this dismissal we think the court erred. The subject matter of both pleadings was clearly within the jurisdiction of the court and when the parties tendered their cause for decision, the court was authorized and we think it was its duty to settle the controversy then and there.

 One other matter remains to be considered and that is with reference to how the court should proceed in adjusting the rights of the parties. We hold that title to the real estate should be quieted in appellee, subject to the right of appellant to redeem within one year from the date the trial court shall have ascertained and fixed the amount which should be paid in order to redeem, taking into account interest, taxes, rentals and any other proper items.

1066

The motion to strike appellant's first brief and argument has been considered and overruled.

To the end that further proceedings may be had in conformity with this opinion, the cause is reversed and remanded.— Reversed and remanded.

CHIEF JUSTICE and all JUSTICES concur.