EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Appellant, v.
GENEVIEVE CONDON, Appellant.

No. 46176.

568

Alan Loth, of Fort Dodge, A. C. McGill and Carl M. Adams, both of Des Moines, for Equitable Life Insurance Company of Iowa, appellant.

Breen, Breen & McCormick, of Fort Dodge, for Genevieve Condon, appellant.

HALE, J.— This is an action to quiet title. On August 17, 1925, William J. Condon executed to the plaintiff a note for $24,000 and a mortgage securing the same on 240 acres of land in Sections 8 and 9, Township 89, Range 30, Webster County. Afterward, on November 22, 1927, William Condon, a widower, executed a warranty deed to his daughter, Genevieve Condon, defendant herein, for 80 acres of this 240-acre tract, which deed made no reference to a mortgage or encumbrance and was recorded November 23, 1927.

On August 19, 1931, plaintiff instituted an action of foreclosure on said 240 acres and on September 29, 1931, decree was rendered, there being appearance for some of the defendants by counsel and no appearance for the defendant, Genevieve Condon. The court recited in the decree:

"* * * and the court, after inspection of the original notices now on file in this cause, finds that each and all of the defendants to this action have been duly and legally served by personal service of said original notice * * *."

Judgment was rendered for $28,455.24, execution issued, and on November 10, 1931, the whole 240 acres was sold to the plaintiff herein for the sum of $27,586.71, leaving $1,500 of the judgment unsatisfied. The sheriff's return of service of the original notice does not show service of any kind upon Genevieve Condon, although the evidence shows that the sheriff was instructed to serve all the parties named in the original notice, of whom Genevieve Condon was one.

The defendant was not in Webster county in August 1931, but during frequent absences she continued to claim Webster county as her home. Defendant after the foreclosure never asserted any rights of possession to the 80 acres, paid any taxes, or made any claim thereto until shortly before the institution of this suit; plaintiff since the foreclosure has paid all taxes, insurance, etc., and made improvements on the 240 acres. It was not until plaintiff contracted to sell the said 240 acres that the condition of the record as to service of notice was discovered. Defendant refused to execute a quitclaim deed and this action was then begun against her. Plaintiff asked that it be declared the owner of the 240 acres and defendant be barred and estopped from having or claiming any right in the land or any part thereof; that any right of redemption still held by defendant, the existence of which was not admitted, be foreclosed unless redemption be made of the entire premises for the sums set out in the petition within thirty days from date of final decree; for further equitable relief and for costs.

To the petition of plaintiff defendant filed answer consisting of a general denial, a claim to ownership of the 80 acres, and of possession thereof until November 1931, when possession of the premises was illegally taken from her by appointment of a receiver, without notice; that the sheriff's deed was illegal and void; denying that plaintiff had any title or legal claim; alleging the fact of no notice of any kind to her; and pleading the statute of limitations of ten years expired November 1, 1940, at which time the mortgage ceased to be a lien. She also pleaded the two-year statute of limitations on the judgment and pleaded generally that the proceedings in the foreclosure were entirely void as to this defendant, and asked that the title to the 80 acres

be quieted in her. In an amendment to the answer defendant alleged the enforcement of the judgment she claims to be void to be in violation of the Constitution of the United States [Fourteenth Amendment, section 1] and the Constitution of the State of Iowa [Article I, section 9] under the due-process clause. In its reply plaintiff admitted the deed from William J. Condon to defendant but denied delivery thereof, and denied that the mortgage was barred by the statute of limitations.

On trial the court, on November 25, 1941, rendered a decree finding the defendant's claim inferior to plaintiff's rights as to the 80 acres and ordering that, unless redemption was made by the defendant within one year from the determination of the necessary amount required for redemption, said defendant would be barred from any claim of right, title, or interest in the premises, and the title quieted in plaintiff; authorizing the redemption by the defendant of the 80 acres separately, and allocating against the same such proportion of $27,586.71, being the amount bid for the entire premises in November 1931, as the value of said 80-acre tract bears to the entire 240 acres. The decree further provided that the relative value of the 80-acre tract to the 240 acres would be determined by the court if the parties did not agree, fixed the interest at five per cent, and directed allowance for the amount paid by plaintiff for taxes and other expenditures, and setting off against such items the amount of rental received by the plaintiff, the balance being the amount required to redeem. The decree also provided that if the parties did not stipulate within ten days the court would set the cause down for further hearing to determine the amount and enter a supplemental decree fixing it.

To this decree exceptions were duly entered, and the parties having failed to agree, further hearing was had on February 5, 1942, at which additional evidence was taken, mostly as to the value of the rental and the amount of expenditures and receipts. On February 26, 1942, decree was entered fixing the amount required for the defendant, Genevieve Condon, to redeem at $6,074.30, with interest at five per cent from the date of decree to the date of payment, and granting one year for such redemption; providing that if defendant made such redemption, title to the premises would be quieted in her, but if

she failed to redeem within the time specified, title would stand quieted in the plaintiff.

Each party excepted and the defendant served notice of appeal upon the plaintiff from the final judgment entered February 26, 1942, and from the interlocutory decree filed November 25, 1941, and from each and every ruling adverse to the defendant.

The plaintiff, on June 8, 1942, served and filed its notice of appeal, appealing from "so much of the decree which was filed on November 25, 1941, and the decree filed February 26, 1942, as permits the defendant to redeem the 80 acres claimed by her without in such redemption paying the full amount of the mortgage, with interest at eight per cent, and costs, as is left unpaid after the application of the net rentals of the premises (over and above the taxes and expenses of operation), and the amount for which the quarter section not claimed by the defendant * * * was sold."

Each party claims an interest in the real estate, as may be done under section 12285 providing for the bringing of the action to quiet title. The form of action is such as was sustained by this court in the case of Equitable L. Assur. Soc. v. Asmus, 230 Iowa 1062, 300 N. W. 318.

Since both parties appeal they will be designated herein as plaintiff and defendant.

I. Defendant argues that a strict foreclosure cannot be maintained in Iowa as against a titleholder, asserting that in states where the equitable theory prevails a junior lienholder may be cut off by a strict foreclosure but a titleholder cannot have his title taken away from him except by statutory foreclosure, for the reason that as against the titleholder a foreclosure implies a notice and subsequent sale of the premises.

Under the decree we are not disposed to hold that the case at bar is such a strict foreclosure, which is a suit to forfeit the interest of the owner or cut off the right of redemption or limit it to a very short time. Originally, an action of strict foreclosure was brought in a proceeding whereby decree was obtained for payment of the mortgage debt within a short period, to be fixed by the court, and in default thereof the mortgagor

and all parties claiming under him were forever barred and deprived of the privilege of redeeming. 37 Am. Jur. 31, section 529; 3 Jones on Mortgages, 8th Ed., 442.

It has been our holding that while the courts have held that the period of redemption ordinarily should be at least one year, they have not denied to the holder of the title the right to bring in parties, or, for the purpose of quieting title to the land, to require the parties holding outstanding interests to make redemption. This is clearly equitable.

Defendant cites numerous cases from various jurisdictions denying the right to strict foreclosure, which, under our view, is not such relief as is granted in the present action. The case at bar is an equitable proceeding securing to one who, having been deprived of her day in court, has the right to come in and under proper procedure secure her right to her interest in the land subject to the conditions under which she bought it. Beach v. Youngblood, 215 Iowa 979, 247 N. W. 545; Silver v. Wickfield Farms, 209 Iowa 856, 227 N. W. 97. The Beach case cites Gamut v. Gregg, 37 Iowa 573. An examination of these cases shows that while there is reference therein to a strict foreclosure being abrogated in this state, yet it was not an issue in any of such cases.

It was held, however, in Nelson v. First National Bk., 199 Iowa 804, 202 N. W. 847, that an independent action may be maintained to cut off the equity of redemption of a junior mortgagee who was inadvertently not made a party to the foreclosure, but that the decree should grant a reasonable time in which to redeem.

As we understand defendant's argument, she does not deny that such an action may be maintained against a junior lienholder, but claims that a titleholder does not have such right and that the titleholder has only such rights as it may acquire by foreclosure and sale. Why there should be this distinction is not clear to us. If foreclosure and sale are necessary against a titleholder, there is apparently equally good reason for notice of sale and foreclosure against a lienholder. In the interests of justice, at various times we have held that an equitable proceeding as against a lienholder is the proper remedy to compel either redemption or a bar of all right. The relief awarded by

the district court in the present proceeding was that which has been approved by our previous decisions and the defendant was given the full statutory period within which to exercise her rights. Harsh v. Griffin, 72 Iowa 608, 34 N. W. 441, was a case in which minor heirs were omitted from a foreclosure, and the holding was that their only right was that of redemption and the defendant held the property subject to the liens of the mortgages from which plaintiff's wards might redeem. White v. Melchert, 208 Iowa 1404, 227 N. W. 347, 73 A. L. R. 595, concerns the right of redemption of an owner of mortgaged prop-. erty and denies to the defendant his claim that the foreclosure sale is wholly void for any purpose. The court concedes, arguendo, that the foreclosure sale was not void, citing Douglass v. Bishop, 27 Iowa 214, and that for the purpose of the case the doctrine of Nelson v. First National Bk., supra, is applicable to the case of a vendee omitted from foreclosure proceedings; but that the original foreclosure suit was wholly ineffective to cut off defendant's right of redemption. The case turns on such right and holds that the court was correct in foreclosing defendant's right of redemption as of the date of the decree and giving one year in which to redeem.

The case of Burns v. Prudential Ins. Co., 229 Iowa 616, 294 N. W. 906, follows the doctrine of the case of Harsh v. Griffin, supra. Children of a mortgagor were named as parties in a mortgage foreclosure but not actually served with notice until shortly before the sheriff's sale, and thereafter a default decree was rendered against them. The record shows an appearance by attorneys in certain proceedings in court, and the holding of the court was, that although they were unqualified owners of an undivided interest, such heirs could not maintain an action against the holder of the sheriff's deed in a partition action, and, without redeeming, thereby enrich themselves at the expense of the mortgagee. The court holds that their action was an attempt, by a technicality, to enrich themselves at the expense of the appellee, who furnished to their father the amount represented by the decree of foreclosure, and that this may not be done in a court of equity, since he who seeks equity must at least offer to do equity.

Our latest case involving the question here at issue was Equitable L. Assur. Soc. v. Asmus, supra, in which a mortgagee, failing to discover the existence of a child born after execution of a will making the spouse the sole devisee, foreclosed without making such child a party, and the court refused to sustain such after-born child's claim to have an undivided interest quieted free from mortgagee's claim, but instead, the title of the mortgagee was quieted subject to the after-born child's right to redeem within a year. In that case the owner of an interest was barred by reason of the equitable rights of a mortgagee who had foreclosed in good faith, and the opinion follows Burns v. Prudential Ins. Co., supra.

It is our opinion that the doctrine announced by our previous cases referred to is just and equitable and we are not disposed to depart from it. It would be unfair and unjust to the plaintiff, who, while a former mortgageholder, is also a purchaser of the land, to be compelled to surrender a part of the land for which he paid, and not require the person holding such interest to make equitable redemption. The method pursued in this case has been approved by our court and secures to all parties the rights to which they are entitled. The results obtained are the same as if the original proceedings are held void as to the defendant and plaintiff required to go through the procedure of additional foreclosure and sale. It is our holding that, so far as the nature of the action is concerned, it is one which we have approved and still approve.

II. Defendant argues that this action is barred under the provisions of the two-year statute of limitations found in section 11033.1, Code of 1939. Said section prohibits executions on certain judgments after two years, and the following section, 11033.2, prohibits the revival of such judgments. This, however, applies only to judgments and its purpose was to prevent the collection of deficiency judgments after the limitation period. The question of a deficiency judgment does not arise in this case. It is true that no execution could issue after the two-year period for the purpose of levying upon other property. Here the original sale under the execution conferred certain rights upon the plaintiff, including the right of possession, which right it exercised under what appeared at the time

to be a valid foreclosure and sale. And the title to such property having been challenged, as stated by plaintiff in its argument, the rule laid down in 37 C. J. 803, 804, section 148, applies:

"Where the title of a person in undisputed possession of land is challenged, he may set forth any equitable defense in favor of his right to the property, and the statute of limitations will not run so as to prevent him from setting forth such defense."

There is no dispute that in this case defendant does claim the right to ownership of the land. It is the right of plaintiff to interpose any defense which it may have to such claim if suit is brought against it. See Merritt v. Peterson, 208 Iowa 672, 222 N. W. 853, and cases cited. We see no reason why such defense may not be asserted prior to actual suit brought on such claim to possession, as well as after the suit is actually begun.

Plaintiff argues that sections 11033.1 and 11033.2 apply only to judgments, and that defendant cannot claim that judgment never existed against her, and, at the same time, that it existed so long as to be outlawed in her behalf. Plaintiff asserts, and we think correctly, that the present action is not brought on a judgment prohibited by the two-year-limitation act, but only on the rights which survived it, those which accrued after the judgment entry, and belonging to plaintiff under the sale and deed under such judgment. See Deaton v. Hollingshead, 225 Iowa 967, 282 N. W. 329.

III. Much of the argument of counsel in relation to the two-year statute of limitations applies to the claim of defendant that under the provisions of section 11007 of the Code of 1939 no action can be maintained to enforce a written contract unless brought within ten years from the due date. The present action is not on a contract, but to quiet title brought by an owner in possession under sheriff's sale and deed.

Defendant seeks title to the 80 acres, and is entitled thereto under certain conditions, but can she, through the statute of limitations, acquire or confirm her title without the imposition

of such conditions? To do so would be to enforce the statute of limitations as a right of action, and it is not such, but is defensive and cannot be the basis of affirmative relief. Eclipse Lumber Co. v. City of Waukon, 204 Iowa 278, 213 N. W. 804, and cases cited; 37 C. J. 803, 804, section 148.

The plaintiff herein is and has been in possession since November 10, 1931, the date of the sale, and therein lies the difference between defendant's cited case of Grether v. Clark, 75 Iowa 383, 39 N. W. 655, 9 Am. St. Rep. 491, and the present case. The rule as to limitations is discussed in 44 Am. Jur. 46, section 63 et seq., and on page 47 this statement is made:

"The prevailing rule is that the right of a plaintiff to have his title to land quieted, as against one who is asserting some adverse claim or lien thereon, is not barred while the plaintiff or his grantors remain in *actual possession* of the land, claiming to be owners thereof, the reason for this rule being that while the owner in fee continues liable to an action, proceeding, or suit upon the adverse claim, he has a continuing right to the aid of a court of equity to ascertain and determine the nature of such claim and its effect on his title, or to assert any superior equity in his favor. He may wait until his possession is disturbed or his title is attacked before taking steps to vindicate his right. But the rule that the statute of limitations is not available as a defense to an action to remove a cloud from title can only be invoked by a complainant when he is in possession. One who claims property which is in the possession of another must, it seems, invoke his remedy within the statutory period." (Italics ours.)

See, also, Cooper v. Rhea, 82 Kan. 109, 107 P. 799; 29 L. R. A., N. S., 930, 136 Am. St. Rep. 100, 20 Ann. Cas. 42; Peck v. Sexton & Son, 41 Iowa 566; note, 29 L. R. A., N. S., 930 et seq. And on page 48 of 44 Am. Jur. it is stated that such an action is not barred by the statute relating to foreclosure of the mortgage debt. See Katz v. Obenchain, 48 Or. 352, 85 P. 617, 120 Am. St. Rep. 821; Mead v. Illinois Cent. R. Co., 112 Iowa 291, 83 N. W. 979.

The general rule is that a mortgagee in possession cannot be ousted by the mortgagor or one claiming under him, by

action or otherwise, prior to the satisfaction of the mortgage debt, and this notwithstanding the debt or the right to foreclosure is .barred by the statute of limitations. See Jasper State Bank v. Braswell, 130 Tex. 549, 111 S. W. 2d 1079, 115 A. L. R. 329, and annotation thereto at page 339, where it is stated editorially, in reviewing the decisions cited:

"The rule is well settled that a mortgagee lawfully in possession, or one entitled to the rights of a mortgagee so in possession, has the right to retain possession of the mortgaged premises until the mortgage debt is paid, although an action on such debt is barred by the statute of limitations."

In Pettit v. Louis, 88 Neb. 496, 129 N. W. 1005, 34 L. R. A., N. S., 356, it is held that in the hands of a mortgagee in possession a mortgage never becomes barred by a lapse of time in the sense that the mortgagor can, in a court of equity, quiet his title against the mortgagee without first doing equity by paying it. See, also, Burns v. Hiatt, 149 Cal. 617, 87 P. 196, 117 Am. St. Rep. 157; Boschker v. Van Beek, 19 N. D. 104, 122 N. W. 338. It has been held that the obligation of the mortgagor for a part of the mortgaged premises is to redeem by paying the whole of the debt secured by the mortgage. But plaintiff does not seriously make this contention herein and we need consider no more than the question of redemption of the 80 acres claimed by the defendant.

In support of her claim of limitation, defendant cites, Johnson v. Keir, 220 Iowa 69, 261 N. W. 792; Deaton .v. Hollingshead, 225 Iowa 967, 282 N. W. 329; Johnson v. Leese, 223 Iowa 480, 273 N. W. 111; Shum v. Prow & Leffler, 230 Iowa 778, 298 N. W. 868; Berg v. Berg, 221 Iowa 326, 264 N. W. 821; Gaynor v. Magoun, 229 Iowa 134, 294 N. W. 256; Holtzinger v. Edwards, 51 Iowa 383, 1 N. W. 600; Home Savings Bank v. Klise, 205 Iowa 1103, 216 N. W. 109; and Silver v. Wickfield Farms, supra. These cases do not support the contention of defendant as to the exact questions herein in relation to the statute of limitations. Our conclusion is that neither the two-year statute nor the ten-year statute is available in this case and that the present action is not barred thereby.

■ IV. While applying only to a lienholder, and not a grantee, the language of Yoder v. Kalona Savings Bank, 142 Iowa 219, 222, 119 N. W. 147, 148, illustrates the principle which should be applied in the present action. That case was an action to remove a cloud and quiet title. There was a decree for plaintiff, and the court said:

"Under the statute, the defendant as a lienholder was entitled to notice of the administrator's application for an order to sell. Not having received such notice, his rights were not affected by the sale of the real estate by the administrator to the plaintiff, and the plaintiff took such real estate subject to the rights of the defendant whatever such rights were. But the rights of the defendant were in no manner enlarged by the administrator's proceeding, nor by his failure to give notice. * * * If the defendant had a lien, it was entitled to its day in court. Not having had it in the administrator's proceeding, it is entitled to take it now. We see no reason why the court may not in this proceeding award to the defendant whatever rights it would have been entitled to in the administrator's proceeding if it had been made a party thereto."

The court further said, at page 223 of 142 Iowa, page 148 of 119 N. W.:

"Not only is it entitled to a judicial determination in this case of its debtor's beneficial interest in the real estate, but the plaintiff also is entitled to such determination and to a final adjudication of it."

To the same effect, see Winter v. O'Neill, 241 Wis. 280, 5 N. W. 2d 809.

■ V. In view of our holding, it is not necessary to discuss other questions suggested or argued by counsel. The matters hereinbefore considered are the principal ones about which complaint is made. The court fixed the amount for redemption by the defendant and this amount is objected to by both plaintiff and defendant, the one as being too small and the other that it is too large. The amount fixed was on the basis of the 80 acres having a proportionate value to the whole land of twenty-four and one-half per cent and there should be an

offset on the amount required for redemption by a credit of twenty-eight per cent of the gross rents, etc. There was no separate account kept of the amounts produced by the different parts of the farm, and from an examination of the record we are disposed to think that the court was as nearly correct as could be. So far as the division is concerned, we cannot hold that the court was in error.

VI. Plaintiff, both by motion to dismiss and its argument in the main case, claims there can be no review of the November decree but only of the supplemental decree at the continued hearing. The case was not fully decided in November, and, in our opinion, until the matter of adjustment of the claims as to the amount of the right of redemption, was not fully determined. There would have been no advantage in delaying termination of the suit by attempting to appeal from the order which was a part of the final decree. The motion should be, and is, overruled.

We are satisfied that the court was correct in its ruling, and that the decree and supplemental decree should be affirmed.—Affirmed on both appeals.

All JUSTICES concur.