# IN THE SUPREME COURT OF IOWA

No. 23–0679

Submitted April 11, 2024—Filed June 7, 2024

**MEDARDO RIVERA,**

Appellant,

vs.

**CLEAR CHANNEL OUTDOOR, LLC; LAMAR MEDIA CORPORATION; TLC PROPERTIES, INC.;** and **ALL UNKNOWN CLAIMANTS CLAIMING ANY RIGHT, TITLE, OR INTEREST IN THE PROPERTY,**

Appellees.

---

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

A landowner appeals the dismissal of his quiet-title action as untimely.

**REVERSED AND REMANDED.**

May, J., delivered the opinion of the court, in which all justices joined.

Kirk W. Schuler (argued) and Manuel A. Cornell (argued) of Dorsey & Whitney LLP, Des Moines, for appellant.

William M. Reasoner (argued) and Jeffrey G. Baxter of Dickinson, Bradshaw, Fowler & Hagen, P.C., Des Moines, for appellees Lamar Media Corporation and TLC Properties, Inc.

Adam C. Van Dike and Brant D. Kahler of Brown, Winick, Graves, Gross, and Baskerville, P.L.C., Des Moines, for appellee Clear Channel Outdoor, LLC.

**MAY, Justice.**

In this quiet-title action, a landowner seeks to clear an easement from a parcel of land. The easement was granted by a prior owner of the parcel. The landowner claims that the easement is void because it was granted after the prior owner had already sold the parcel to the landowner.

The holder of the easement moved for summary judgment. The easement holder argued that the landowner's action was time-barred. The district court granted the motion. The court held that the landowner's action was barred under Iowa Code section 614.17A (2022). The landowner appeals.

On appeal, the landowner contends that Iowa Code section 614.17A cannot apply to an action to clear an easement. We agree. By its terms, section 614.17A can only apply to claims against a "holder of the record title to the real estate *in possession.*" *Id.* § 614.17A(1)(*b*) (emphasis added). Because easements are nonpossessory interests, an easement holder does not possess the encumbered real estate, and so section 614.17A cannot apply to an action to clear an easement. We reverse and remand for further proceedings.

## I. Background.

This case is about a parcel of land, a billboard that stands on the parcel, and an easement that purports to authorize the billboard. Our record reveals the following about the parcel, billboard, and easement.

**A. The Parcel.** The parcel is located in Des Moines. It is known locally as 2420 Euclid Avenue. The parcel was owned by On the Wall Painting, Inc. (On the Wall) prior to February 11, 2008.

**B. A Contract to Sell.** On February 11, 2008, On the Wall entered a contract to sell the parcel to Medardo Rivera. The contract called for Rivera to purchase the parcel over a fifteen-year period. The contract was recorded on February 20, 2008.

**C. The Warranty Deed.** Although the record does not show for sure, it appears that Rivera satisfied the contract ahead of schedule. In any event, the record is clear that on February 6, 2018, On the Wall conveyed a warranty deed for the parcel to Rivera. The warranty deed was recorded on February 8, 2018.

**D. The Billboard(s).** As mentioned, a billboard stands on the parcel. This has been the situation for a long time. As early as 1967, Clear Channel Outdoor, Inc. (Clear Channel)—or a predecessor in interest—obtained at least two permits for billboards on the parcel. And in 1980, Clear Channel erected two billboards on the parcel. But the briefs sometimes refer to just a single billboard. In any event, it seems undisputed that at least one billboard has been on the parcel since at least the 1980s.

**E. The Easement.** We turn now to the easement at the center of this suit. On February 11 (or maybe 12), 2008, On the Wall granted a billboard easement to Clear Channel. This grant occurred through the execution of a document entitled, "Grant of Perpetual Easements and Declaration of Restrictions," which we refer to simply as "the easement." (Capitalization altered.) The easement purports to grant "a perpetual, exclusive easement" for construction, maintenance, repair, operation, illumination, and use of "outdoor advertising sign structures" and related equipment "over, under, upon and across" portions of the parcel. The easement was recorded on February 20, 2008.

**F. An Affidavit of Possession.** On February 11, 2008, On the Wall's president executed an "affidavit of possession." The affidavit said that On the Wall is in "complete actual and sole possession" of the parcel "except" that Clear Channel "is in possession of the two (2) billboards" on the parcel. The affidavit proclaimed that it had been executed "for the purpose of confirming title . . . under the provisions of sections 614.17 and 614.17A, Code of Iowa, and other statutes relative thereto." The affidavit was recorded on February 20, 2008.

**G. Assignment of the Easement.** About eight years later, the easement was assigned twice on the same day. On January 7, 2016, Clear Channel executed an assignment of the easement to a Delaware company. That same day, the Delaware company assigned the easement to a Louisiana company named TLC Properties, Inc. (TLC). TLC is an affiliate of Lamar Advertising Company (Lamar). Both assignments were recorded on May 16, 2016.

**H. This Lawsuit.** In March 2022, Rivera commenced this lawsuit by filing his petition to quiet title. The petition named as respondents Clear Channel, Lamar, TLC, "and all unknown claimants claiming any right, title or interest in" the parcel.

Rivera's petition claimed that he "is the absolute owner in fee simple" of the parcel. Rivera further claimed that he had "obtained ownership of the" parcel through the 2008 contract and, ultimately, the 2018 warranty deed that was issued "in [f]ulfillment of" the 2008 contract. Rivera complained that the respondents' billboard easement represented "a cloud on" Rivera's title. Rivera requested that the easement "be declared null and void."

Respondents Clear Channel and Lamar filed answers. They denied many of Rivera's allegations. They also raised affirmative defenses, including the statute of limitations.

Lamar moved for summary judgment based on three limitations provisions: Iowa Code section 614.1(4), section 614.1(5), and section 614.17A. Clear Channel joined the motion. Rivera resisted.

The district court granted the motion. The court concluded that Rivera's action was time-barred under section 614.17A. The court did not reach Lamar's alternative arguments under section 614.1(4) and (5).

Rivera appealed. We retained the case.

**II. Issues.**

The briefs present two issues for our consideration. First, Rivera contends that the district court erred in concluding that Rivera's action was time-barred under section 614.17A. Lamar disagrees.

Second, Lamar contends that section 614.1(5) provides an alternative basis on which we could affirm the grant of summary judgment. Rivera disagrees.

We discuss both issues below. Our review is for legal error. *Quality Plus Feeds, Inc. v. Compeer Fin., FLCA*, 984 N.W.2d 437, 444 (Iowa 2023).

**III. Analysis.**

**A. Iowa Code Section 614.17A.** We start with Rivera's arguments about section 614.17A, the provision on which the district court relied. *Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 811 (Iowa 2000) (en banc) ("We first examine the basis upon which the trial court rendered its decision, affirming on that ground if possible."). Iowa Code section 614.17A(1) provides:

> 1. After July 1, 1992, an action shall not be maintained in a court, either at law or in equity, in order to recover or establish an interest in or claim to real estate if all the following conditions are satisfied:
>
> *a.* The action is based upon a claim arising more than ten years earlier or existing for more than ten years.
>
> *b.* The action is against the holder of the record title to the real estate in possession.
>
> *c.* The holder of the record title to the real estate in possession and the holder's immediate or remote grantors are shown by the record to have held chain of title to the real estate for more than ten years.

Rivera contends that section 614.17A cannot apply for three reasons. First, Rivera contends that section 614.17A cannot apply to claims involving void

instruments. And so, section 614.17A cannot apply to Rivera's claims about Lamar's allegedly void easement.

Second, Rivera points to paragraph (*b*), which limits the statute's scope to claims against "holder[s] of the record title to the real estate in possession." *Id.* § 614.17A(1)(*b*). Because the easement is void, Rivera says, Lamar is not "the holder of anything," much less "record title to the real estate" as the statute requires.

Finally, Rivera argues that because easements "are necessarily non-possessory rights," Lamar could never be a "holder . . . in possession" as paragraph (*b*) requires. *See In re Est. of Franken*, 944 N.W.2d 853, 862 (Iowa 2020) ("[S]ection 614.17A is a statute of limitations that bars a certain type of action to enforce a possessory interest in real estate.").

We agree with Rivera's last argument. We conclude that the holder of an easement, like Lamar, is not a "holder of the record title to the real estate *in possession*" as Iowa Code section 614.17A(1)(*b*) requires. (Emphasis added.)

"An easement is an interest in land which entitles the owner of the easement to use or enjoy land *in the possession of another*." *Bormann v. Bd. of Supervisors*, 584 N.W.2d 309, 316 (Iowa 1998) (emphasis added) (en banc) (quoting 5 Restatement (First) of Prop.: Servitudes § 451 cmt. *a*, at 2911–12 (Am. L. Inst. 1944) [hereinafter Restatement (First): Servitudes]); *accord Gray v. Osborn*, 739 N.W.2d 855, 861 (Iowa 2007) ("An easement is a restriction on another person's property rights."). By definition, then, an easement does not involve possession of the land. *Koenigs v. Mitchell Cnty. Bd. of Supervisors*, 659 N.W.2d 589, 593 n.1 (Iowa 2003); *accord Robert's River Rides, Inc. v. Steamboat Dev. Corp.*, 520 N.W.2d 294, 300 (Iowa 1994), *overruled on other grounds by Barreca v. Nickolas*, 683 N.W.2d 111 (Iowa 2004). Indeed, in *Koenigs v. Mitchell County Board of Supervisors*, we said that "[a] main characteristic of easements

is that they are non-possessory interests in land." 659 N.W.2d at 593 n.1. Likewise, in *Robert's River Rides, Inc. v. Steamboat Development Corp.*, we said that the right of possession shows the difference between a lease and an easement or other similar interests in real estate. 520 N.W.2d at 300. If the "right to the possession of the land . . . is not conferred, the transaction is to be deemed a license, profit, *or easement.*" *Id.* (emphasis added) (quoting 49 Am. Jur. 2d *Landlord and Tenant* § 5, at 46).

We are not alone in these views. *Corpus Juris Secundum* says that "[a]n easement does not convey title to property; it is instead a nonpossessory interest that authorizes its holder to use the property for only particular purposes." 28A C.J.S. *Easements* § 1, at 351 (2019) (footnote omitted). A specialized treatise entitled *The Law of Easements & Licenses in Land* says that "[a]n easement is commonly defined as a nonpossessory interest in land of another." Jon W. Bruce & James W. Ely, Jr., *The Law of Easements & Licenses in Land* ¶ 1.01, at 1–2 (1988). The most recent Restatement of Property says that "[a]n easement creates a nonpossessory right to enter and use land in the possession of another and obligates the possessor not to interfere with the uses authorized by the easement." 1 Restatement (Third) of Prop.: Servitudes § 1.2(1), at 12 (Am. L. Inst. 2000) [hereinafter Restatement (Third): Servitudes]. Likewise, the original Restatement from 1944 had said that an easement "is not, itself, a possessory interest" and, therefore, an easement's owner "is not entitled to the protection which is given to those having possessory interests." 5 Restatement (First): Servitudes § 450 cmt. *b,* at 2903. All of these authorities support our view that an easement holder like Lamar is not a "holder of the record title to the real estate *in possession*" as Iowa Code section 614.17A(1)(*b*) requires. (Emphasis added.)

Lamar cites no contrary authority. Lamar cites no case that has held that an easement provides possession.

Even so, Lamar notes that the easement grants Lamar an exclusive right to construct and operate billboards "over, under, upon and across" a portion of the parcel. And Lamar's use of the easement involves a large "physical sign driven into the ground and reaching into the sky." This "sign is present, perpetually, and is affixed and attached to the ground permanently with underground concrete footings." The easement—and more so, the sign that it authorizes—imposes a substantial limitation on the landowner's use of the parcel. In Lamar's view, this amounts to "possession under every sense of the word." (Citing *Possession, Black's Law Dictionary* 1408 (11th ed. 2019).)

We disagree. An easement may permit a substantial physical presence on the subservient parcel. That physical presence may substantially restrict alternative uses of the parcel. Think of wind tower easements, which permit the construction of truly massive physical structures that effectively prohibit alternative uses of the land occupied by those structures. But this does not alter the nonpossessory nature of easements. An easement is still "considered a nonpossessory interest in land because it generally authorizes limited uses of the burdened property for a particular purpose." 1 Restatement (Third): Servitudes § 1.2 cmt. *d*, at 14–15. Although an easement "may authorize the exclusive use of portions of the servient estate" and although the easement "may involve uses that make *any* actual use of the premises by the transferor unlikely," easements "are still considered nonpossessory interests if the transferor is not excluded from the entire parcel and retains the right to make uses that would not interfere with the easement." *Id.* § 1.2 cmt. *d*, at 15 (emphasis added).

So it is here. Lamar's easement only permits Lamar to make a limited use of the parcel for a particular purpose—the billboard. And despite the billboard's substantial physical presence, Rivera is neither "excluded from the entire parcel" nor prohibited from making any use of the parcel "that would not interfere with the easement." *Id.* Lamar's interest in the parcel remains nonpossessory.

A final note: Near the time that On the Wall originally granted the easement, On the Wall also filed an affidavit of possession. That affidavit does not contradict our conclusions about the nature of the easement. Rather, the affidavit makes it clear that On the Wall—who is Rivera's predecessor in interest—had complete possession of *the parcel.* Meanwhile, the easement holder only had possession of *the billboard*—an object that occupies space on the parcel *but is not the parcel itself.* This is consistent with our conclusion that the easement holder, now Lamar, lacks possession of the parcel.

Because Lamar is not a "holder of the record title to the real estate in possession" as Iowa Code section 614.17A(1)(*b*) requires, the limitation imposed by section 614.17A does not apply to Rivera's effort to clear Lamar's easement.

**B. Iowa Code Section 614.1(5).** Although we conclude that section 614.17A does not apply, this does not automatically end our analysis. Even when we disagree with the basis for the district court's ruling, "we may still affirm if there is an alternative ground, raised in the district court and urged on appeal, that can support the court's decision." *Fencl,* 620 N.W.2d at 811–12. And Lamar contends that we should affirm the district court on the alternative ground that section 614.1(5) bars Rivera's claims.

But we are not compelled to consider additional issues that the district court did not reach. We have discretion to either "go ahead and decide the additional issues ourselves or remand those issues to the district court for its determination" in the first instance. *Barnes v. Iowa Dep't of Transp.,* 385 N.W.2d

260, 263 (Iowa 1986). In *Barnes v. Iowa Department of Transportation*, for example, we elected to decide additional issues that the district court had not reached. *Id.* We did so because the additional issues had been "fully briefed and argued" on appeal and because we believed that it was "in the interest of sound judicial administration" to decide them. *Id.*

We reach a different conclusion here. The appellate briefs here are focused on section 614.17A. The briefing of section 614.1(5) is limited. Some significant questions remain. By way of example, questions remain as to (1) whether section 614.1(5) applies to an easement that is alleged to be void rather than merely voidable, (2) whether the discovery rule applies to section 614.1(5) in this context, and (3) whether section 614.1(5) applies to quiet-title actions like Rivera's. *See, e.g.*, *Equitable Life Ins. of Iowa v. Condon*, 10 N.W.2d 78, 84 (Iowa 1943). So we conclude that it is not "in the interest of sound judicial administration" for us to decide whether section 614.1(5) forecloses Rivera's action. *Barnes*, 385 N.W.2d at 263. Instead, we believe that issue should be decided by the district court in the first instance. The district court may also consider other issues that were mooted by the grant of summary judgment.

**IV. Disposition.**

Section 614.17A does not bar Rivera's action. We reverse the grant of summary judgment. We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**